IN THE UNITED STATES BANKRUPTCY COURT
FOR THE NORTHERN DISTRICT OF GEORGIA
NEWNAN DIVISION

| | |
|---|---|
| In re: | Chapter 11 |
| ALLIED HOLDINGS, INC., *et al.,* | Case Nos. 05-12515 through 05-12537 Jointly Administered |
| Debtors. | Judge Drake |

**APPLICATION OF OFFICIAL COMMITTEE OF UNSECURED CREDITORS
OF ALLIED HOLDINGS, INC., <u>ET</u> <u>AL.</u> UNDER 11 U.S.C. § 1103(a) AND
FED. R. BANKR. P. 2014, FOR ORDER AUTHORIZING AND APPROVING
RETENTION AND EMPLOYMENT <u>NUNC</u> <u>PRO</u> <u>TUNC</u> OF
<u>CHANIN CAPITAL PARTNERS LLC AS FINANCIAL ADVISOR</u>**

The Official Committee of Unsecured Creditors (the "**Committee**") of the above-captioned debtors and debtors-in-possession (collectively, the "**Debtors**"), by and through its undersigned chair, hereby submits this application (this "**Application**") for an Order pursuant to section 1103(a) of title 11 of the United States Code (as amended the "**Bankruptcy Code**") and Rule 2014 of the Federal Rules of Bankruptcy Procedure (the "**Bankruptcy Rules**") authorizing the Committee to employ and retain Chanin Capital Partners LLC ("**Chanin**"), *nunc pro tunc* as of August 5, 2005, as financial advisor to the Committee in the Debtors' chapter 11 cases. In support of this Application, the Committee relies on the affidavit of Russell A. Belinsky attached hereto as <u>Exhibit B</u> (the "**Belinsky Affidavit**"). In further support of this Application, the Committee respectfully represents as follows:

<u>BACKGROUND</u>

1. On July 31, 2005 (the "**Petition Date**"), the Debtors filed voluntary petitions for relief with this Court under chapter 11 of the Bankruptcy Code. The Debtors' chapter 11 cases have been procedurally consolidated for administrative purposes.

1

2.      The Debtors continue to operate their businesses and manage their properties as debtors-in-possession pursuant to sections 1107(a) and 1108 of the Bankruptcy Code.  No trustee or examiner has been appointed in the Debtors' chapter 11 cases.

3.      On August 5, 2005, the United States Trustee for the Northern District of Georgia (the "**U.S. Trustee**"), pursuant to section 1102(a) of the Bankruptcy Code, appointed the Committee to represent the interests of the Debtors' unsecured creditors.[1] Also on that date the Committee duly selected Chanin to serve as financial advisor to the Committee to advise the Committee on financial / business management matters during the pendency of these chapter 11 cases.  On August 9, 2005, the Committee elected Eton Park Capital Management, L.P. to serve as chair of the Committee.

## JURISDICTION

4.      The Court has jurisdiction over this matter pursuant to 28 U.S.C. §§ 157 and 1334.  This is a core proceeding pursuant to 28 U.S.C. § 157(b).  Venue is proper before this Court pursuant to 28 U.S.C. §§ 1408 and 1409.  The statutory predicate for the relief sought herein is 11 U.S.C. § 1103(a).

## RELIEF REQUESTED

5.      Pursuant to this Application, the Committee seeks authority to employ and retain Chanin as its financial advisor to perform financial advisory services that the Committee will need during these chapter 11 cases.

---

[1]      The Committee members are Eton Park Capital Management, LP, Cummins South, Inc., D.E. Shaw Laminar Portfolios, LLC, Exotic Auto Transport, LLC, the International Brotherhood of Teamsters, Stanfield Capital Partners, LLC., and Wells Fargo Bank, N.A., as Indenture Trustee.

2

CTDOCS/1636406.7

## BASIS FOR RELIEF

6. Chanin possesses substantial expertise in debtors' and creditors' rights, bankruptcy matters and business reorganizations. Consequently, the Committee seeks to retain Chanin, at the expense of the Debtors' estates, as its financial advisor to perform such services that will be necessary during these chapter 11 cases because, among other things, (i) Chanin and its senior professionals have an excellent reputation for providing high quality financial advisory services to creditors in bankruptcy reorganizations and other debt restructurings; and (ii) Chanin has extensive knowledge of the Debtors' financial and business operations.

7. Chanin is a nationally-recognized, specialty investment bank that provides the following financial services: Financial Restructurings, Mergers and Acquisitions, Corporate Finance and Private Placements, Valuations, and Fairness and Solvency Opinions. With over 40 restructuring professionals, Chanin has one of the largest dedicated restructuring practices in the country. Since its founding in 1990 Chanin professionals have completed over $146 billion in financial restructuring transactions, consummated over $68 billion in merger and acquisition transactions, privately placed over $5 billion in debt and equity securities, and provided hundreds of companies with valuations and fairness and solvency opinions.

8. In particular, Chanin has served, or is currently serving, as financial advisor and/or investment banker to numerous official committees and debtors-in-possession in some of the largest and most complex chapter 11 cases in the country, and has been involved in numerous restructurings and recapitalizations in the automotive parts industry, including those of Aetna Industries, Citation, Collins & Aikman, GenTek, Hayes Lemmerz, JL French, Talon Automotive, and Venture Holdings. Moreover, the Committee believes that Chanin has an

3

excellent reputation for the services it has rendered in chapter 11 cases throughout the United States.

9.	From the Petition Date to and including August 4, 2005, Chanin advised and represented a number of the current members of the Committee in these chapter 11 cases.  On and after August 5, 2005, Chanin has advised the full Committee.  On or about June 10, 2005, an ad hoc committee (the "**Ad Hoc Committee**") of certain holders of the Debtors' 8.625% Senior Notes due 2007 retained Chanin to represent the Ad Hoc Committee in the investigation of the financial condition of the Debtors and a potential debtor-in-possession financing.  As part of Chanin's work prior to the Petition Date, Chanin held significant due diligence sessions with the Debtors' and the Debtors' advisors, held discussions with several potential lenders of a potential debtor-in-possession financing, and worked with the Ad Hoc Committee and a potential lender to submit a debtor-in-possession financing proposal.

10.	The Committee seeks to retain Chanin as Committee financial advisor because of Chanin's extensive bankruptcy experience and knowledge as described herein.

### SERVICES TO BE RENDERED

11.	The Committee anticipates that Chanin will render bankruptcy, restructuring and financial advisory services to the Committee as needed throughout the course of these chapter 11 cases.  The professional services to be rendered to the Committee may include, but shall not be limited to, the following:

(a) Review and analyze the financial and operating statements of the Debtors;

(b) Evaluate the assets and liabilities of the Debtors;

(c) Review and analyze the Debtors' business and financial projections;

CTDOCS/1636406.7

(d) Evaluate the Debtors' debt capacity and liquidity position in light of its projected cash flows, including various financing alternatives available to the Debtors;

(e) Assist in the determination of an appropriate capital structure for the Debtors;

(f) Determine a theoretical range of values for the Debtors on a going concern basis;

(g) Advise the Committee on tactics and strategies for negotiating with the Debtors and other purported stakeholders;

(h) Render financial advice to the Committee and participate in meetings or negotiations with the Debtors and other purported stakeholders in connection with any Restructuring Transaction;

(i) Assist the Committee in preparing documentation required in connection with the Restructuring Transaction;

(j) Prepare, analyze and explain a plan of reorganization to the various constituencies;

(k) Provide the Committee with other appropriate general restructuring advice; and

(l) Provide expert testimony in Bankruptcy Court with respect to the Restructuring Transaction and related transactions.

## <u>CHANIN COMPENSATION</u>

12.     Subject to Court approval, Chanin proposes to render its services in accordance with the engagement letter dated August 5, 2005 ("**Engagement Letter**") attached hereto as Exhibit A. The terms of the Engagement Letter provide that Chanin shall be paid a monthly advisory fee ("**Monthly Fee**") of $100,000. In addition to the foregoing Monthly Fee, the Debtors shall pay Chanin a deferred fee (the "**Deferred Fee**") upon consummation of a Restructuring Transaction (as defined in the Engagement Letter). The Deferred Fee shall be calculated as 1.0% of the Total Consideration (as defined in the Engagement Letter) in excess of $52.5 million. The Deferred Fee shall be payable in kind at closing on the effective date of

CTDOCS/1636406.7

the Restructuring Transaction.  Chanin shall also be reimbursed for its out of pocket expenses incurred in connection with Chanin's engagement by the Committee, including the fees, disbursements and other reasonable charges of its legal counsel, if any.

13.    The following Chanin professionals will have primary responsibility for representing the Committee:  Russell Belinsky, Senior Managing Director; Richard Morgner, Managing Director; Brian Cullen, Vice President; Anurag Kapur, Vice President; Anjan Chatterjee, Senior Advisor; Sanjeev Varma, Senior Advisor; Mark Catania, Associate; John Cesarz, Associate; Daniel Shainberg, Analyst; and other professionals of Chanin, as needed.

14.    Chanin will seek to recover compensation and expenses in accordance with section 328(a) of the Bankruptcy Code, as incorporated in sections 330 and 331 of the Bankruptcy Code, the Bankruptcy Rules, and the rules and orders of this Court.  Chanin will maintain records of any actual and necessary costs and expenses incurred in connection with the aforementioned services.  Chanin has advised the Committee that it is not the general practice of financial advisory firms to keep detailed time records similar to those customarily kept by attorneys.  Although Chanin does not charge for its services on an hourly basis, Chanin nevertheless will maintain records of time, in increments of one-half (.50) of an hour, spent by its professionals in connection with the rendering of services for the Committee.  Additionally, apart from the time recording practices described above, Chanin's restructuring personnel do not maintain their time records on a "project category" basis.  To have Chanin recreate the time entries for its restructuring personnel would be unduly burdensome and time-consuming.  Accordingly, based upon the foregoing it is respectfully requested that, as part of any order

6

authorizing the retention of Chanin as financial advisor to the Committee, Chanin be authorized to file fee applications in accordance with the foregoing "streamlined" time recording practices.

15.     Chanin will seek reimbursement of reasonable out of pocket expenses incurred in connection with the services rendered to the Committee.  Out of pocket expenses shall include, but not be limited to, all reasonable travel expenses, computer and research charges, reasonable attorney fees (provided that such attorney fees shall not exceed $25,000 without the Committee's prior consent, provided that no prior consent be required in connection with legal fees incurred by Chanin in connection with objections to Chanin's retention, or interim or final fee applications in these chapter 11 cases), messenger services and long-distance telephone calls.

16.     In connection with its representation of the Ad Hoc Committee, as previously described, Chanin has not received any compensation from the Debtors.

### DISCLOSURE CONCERNING CONFLICTS OF INTEREST

17.     To the best of the Committee's knowledge, except as discussed herein and in the accompanying Belinsky Affidavit, Chanin does not hold or represent any interests materially adverse to those of the Committee and, in addition, is "disinterested" as that term is defined in section 101(14) of the Bankruptcy Code.  Furthermore, to the best of the Committee's knowledge, except as discussed herein and in the Belinsky Affidavit, the professionals of Chanin do not have any connection with the Debtors, the Debtors' directors and officers, professional advisors to the Debtors, the Debtors' secured creditors, the Debtors' largest unsecured creditors, the members of the Committee and known major bondholders, the Office

7

of the United States Trustee or any employee thereof, or any other parties in interest in these chapter 11 cases.

18.      Finally, Chanin provides services to or has in the past provided services to entities which may be creditors of the Debtors or have interests adverse to the Debtors or the Committee, including those entities listed in the Belinsky Affidavit in matters unrelated to the Debtors or these cases.  Chanin will not be representing any of those entities in these chapter 11 cases and Chanin's representation of these entities has not resulted in Chanin having knowledge of any facts or information that would adversely affect such entities' rights, obligations or treatment in these chapter 11 cases or in any related proceedings.  The Committee's conclusions set forth in this paragraph are each based on the Belinsky Affidavit.

19.      From the Petition Date through August 5, 2005 (the "**Pre-Committee Period**"), Chanin rendered professional services on an expedited basis to the Ad Hoc Committee as requested, necessary, and appropriate in furtherance of the interests of the members of the Ad Hoc Committee and the Debtors' unsecured creditors generally.  This included a review of the Debtors' substantive first day motions including the economic terms of the Debtors' DIP motion.  Three of the former members of the Ad Hoc Committee are presently members of the Committee.

20.      On August 5, 2005, Chanin attended the Committee formation meeting.  At the Committee formation meeting, Chanin was selected as financial advisor to the Committee.  Since that time, Chanin has worked with the Committee's legal counsel, Bingham McCutchen LLP, to coordinate several further Committee meetings and weekly conference calls to discuss the Committee's goals and strategies.

8

CTDOCS/1636406.7

21.     The services Chanin has provided on and following July 31, 2005, have materially benefited all unsecured creditors of the Debtors' estates, and served to protect their rights until Chanin's formal retention pursuant to this Application.  Nonetheless, the Committee requests that Chanin's retention be approved *nunc pro tunc* as of August 5, 2005.

### NOTICE

22.     The Committee has provided notice of this Application to the U.S. Trustee, counsel to the Debtors, and all parties who have properly filed a notice of appearance in these chapter 11 cases.  The Committee respectfully submits that such dissemination constitutes adequate and proper notice of the Application.

### NO PRIOR REQUEST

23.     No prior application for the relief requested herein has been made to this or any other Court.

**WHEREFORE**, the Committee respectfully requests that the Court enter the order annexed hereto as Exhibit C:

(a)     authorizing and approving the Committee's retention of Chanin, *nunc pro tunc* as of August 5, 2005;

(b)     approving the Application without a hearing, but subject to objection made within twenty (20) days; and

(c)     granting such other relief as it deems just and proper.

9

CTDOCS/1636406.7

Dated: New York, NY

August 25, 2005

Respectfully Submitted,

THE OFFICIAL COMMITTEE OF
UNSECURED CREDITORS FOR
ALLIED HOLDINGS, INC., ET AL.

By:     Its Chair

ETON PARK CAPITAL MANAGEMENT, LP

By:   /s Anand Desai
    Name: Anand Desai
    Title:   Partner

PRESENTED BY:

    /s Anthony J. Smits
Anthony J. Smits
Jonathan B. Alter
William F. Govier
Admitted pro hac vice

BINGHAM McCUTCHEN LLP
Proposed Counsel for the Official Committee
of Unsecured Creditors
One State Street
Hartford, CT  06105
(860) 240-2700
anthony.smits@bingham.com

10

CTDOCS/1636406.7



**11150 Santa Monica Blvd.**
**6th Floor**
**Los Angeles, CA 90025**
**Tel 310.445.4010**
**Fax 310.445.4028**

**330 Madison Avenue**
**11th Floor**
**New York, NY 10017**
**Tel 212.758.2629**
**Fax 212.758.2628**

<u>**EXHIBIT A**</u>

August 5, 2005

**Privileged and Confidential**

Mr. Joshua Astrof
Official Committee of Unsecured Creditors
Allied Holdings, Inc., et al
825 Park Ave. 8th Floor
New York, NY 10022

Dear Mr. Astrof:

The purpose of this letter is to confirm the understanding and agreement (the "Agreement") between the Official Committee of Unsecured Creditors (the "Committee) of Allied Holdings, Inc. and its affiliated debtors and debtors-in-possession (collectively, the "Company") and Chanin Capital Partners LLC ("Chanin") with respect to the engagement of Chanin as financial advisor to the Committee.

1.      <u>Engagement</u>: Chanin is being retained to provide financial advisory services for the Committee in connection with the Company's restructuring pursuant to its Chapter 11 cases captioned In re Allied Holdings, Inc., et al., Lead Case No. 05-12515 (WHD), pending before the United States Bankruptcy Court, Northern District of Georgia (the "Bankruptcy Court"), and the analysis, consideration and development of a Restructuring Transaction (as defined herein).  However, neither the Committee, nor its constituents, nor any of their advisors or professionals shall be liable for the fees, expenses, or other amounts payable to Chanin hereunder.  Upon retention, Chanin will work at the direction of the Committee and in conjunction with other advisors retained by the Company to:

**CHANIN CAPITAL PARTNERS**

(a) Review and analyze the financial and operating statements of the Company;

(b) Evaluate the assets and liabilities of the Company;

(c) Review and analyze the Company's business and financial projections;

(d) Evaluate the Company's debt capacity and liquidity position in light of its projected cash flows, including various financing alternatives available to the Company;

(e) Assist in the determination of an appropriate capital structure for the Company;

(f) Determine a theoretical range of values for the Company on a going concern basis;

(g) Advise the Committee on tactics and strategies for negotiating with the Company and other purported stakeholders;

(h) Render financial advice to the Committee and participate in meetings or negotiations with the Company and other purported stakeholders in connection with any Restructuring Transaction;

(i) Assist the Committee in preparing documentation required in connection with the Restructuring Transaction;

(j) Prepare, analyze and explain a plan of reorganization to the various constituencies;

(k) Provide the Committee with other appropriate general restructuring advice; and

(l) Provide expert testimony in Bankruptcy Court with respect to the Restructuring Transaction and related transactions.

The advisory services and compensation arrangements set forth herein do not encompass other financial advisory services not set forth in this paragraph 1, unless subsequently agreed upon by the Committee, the Company and Chanin.

As used herein, the term "Restructuring Transaction" shall mean any restructuring, reorganization and/or recapitalization of all or a significant portion of the Company's existing and potential debt obligations that is achieved, without limitation, through a Chapter 11 plan of reorganization, exchange offer, consent solicitation, rescheduling of debt maturities, changes in interest rates, settlement or forgiveness of debt, conversion of debt and/or other liabilities into equity, issuance of new securities, raising of new debt or equity capital, or sale or other transfer, directly or indirectly, of equity, assets or other interests of the Company whatsoever, whether in one or a series of transactions, acquisitions, mergers or other business combinations; or other similar transaction or series of transactions.

CTDOCS/1636406.7



2.  <u>Term of Agreement</u>: Subject to the approval of the Bankruptcy Court, this Agreement shall commence on August 5, 2005 and shall continue until the effective date of a plan of reorganization confirmed by the Bankruptcy Court, unless the Committee or Chanin gives 30 days prior written notice of termination to the other party.  Upon any termination, the provisions of Paragraph 3 (to the extent applicable) shall survive the termination of this Agreement to the extent such provisions relate to the payment of fees (or reimbursement of expenses incurred) due on or before the effective date of termination and expenses incurred on or before the effective date of termination and the provisions of Paragraphs 4, 5, 6, 7, and 8 shall survive the termination of this Agreement and shall remain in effect.  Additionally, if this Agreement is terminated by the Committee, Chanin shall be entitled to payment of the Deferred Fee (as defined herein) if a Restructuring Transaction is consummated within 12 months of the effective date of such termination of their services by the Committee, and such payment shall be made promptly upon the consummation of such Restructuring Transaction.

3.  <u>Fees and Expenses</u>:

(a)  <u>Monthly Advisory Fee</u>: The Company shall pay Chanin a fee of $100,000 per month (the "Monthly Fee") for the term of the engagement.  The Monthly Fees shall be paid in cash, in advance on the first day of each month, and shall be due and payable for all months from the inception of this engagement through the earlier of (a) the termination of this Agreement in accordance with Paragraph 2 hereof or (b) the effective date of a confirmed plan of reorganization.  The Monthly Fee for the first month of engagement shall be pro rated to August 5, 2005 to reflect the effective commencement date of the engagement.

(b)  <u>Deferred Fee</u>:  In addition to the foregoing Monthly Fees, the Company shall pay Chanin a deferred fee (the "Deferred Fee") upon consummation of the Restructuring Transaction.  The Deferred Fee shall be calculated as 1.0% of the Total Consideration (as defined below) in excess of $52.5 million.  The Deferred Fee shall be payable in kind at closing on the effective date of the Restructuring Transaction.

For purposes of this Agreement, Total Consideration shall mean all consideration received by the unsecured creditors of the Company, including but not limited to cash, the principal amount of debt securities received, the liquidation preference of any preferred securities received, the fair market value (as agreed to by Chanin and the Committee) of any equity securities received (including warrants), beneficial interest in any causes of action retained by or on behalf of the unsecured creditors, and the fair market value (as agreed to by Chanin and the Committee) of any other assets received.

(c)  <u>Expense Reimbursement</u>: Chanin shall be entitled to monthly reimbursement from the Company of reasonable out-of-pocket expenses incurred and paid to unaffiliated third parties in connection with the services to be provided under this Agreement.  Monthly Fees plus reimbursement of reasonable and documented out-of-pocket expenses as billed are due upon the first of each month to Chanin at the address listed above.

CTDOCS/1636406.7



Out-of-pocket expenses shall include, but not be limited to all reasonable travel expenses, computer and research charges, attorney fees (provided that such attorney fees shall not exceed $25,000 without the Company's and the Committee's prior consent, provided that no prior consent shall be required in connection with legal fees incurred by Chanin in connection with objections to Chanin's retention, or in the prosecution of interim and final fee applications before the Bankruptcy Court, the payment of which shall be solely borne by the Company), messenger services and long-distance telephone calls incurred by Chanin in connection with the services to be provided to the Committee.

The parties acknowledge that a substantial professional commitment of time and effort will be required by Chanin and its professionals hereunder, and that such commitment may foreclose other opportunities for Chanin.  Moreover, the actual time and commitment required by the engagement may vary substantially from  week to week or month to month, creating 'peak load' issues for Chanin.  Given the numerous issues which may arise in this engagement, Chanin's commitment to the variable level of time and effort necessary to address such issues, and the market prices for Chanin's engagements of this nature, the parties agree that the fee arrangement hereunder, pursuant to 11 U.S.C. § 328(a), fairly compensates Chanin and provides certainty for the Committee.

4.  Indemnification: The Company shall provide indemnification and other obligations set forth in Schedule I hereto, which is hereby incorporated by reference.  Further, in the event that an Indemnified Person (as defined in Schedule I) is requested or required to appear as a witness in any action brought by or on behalf of or against the Committee or which otherwise relates to this Agreement or the services rendered by Chanin hereunder, the Company shall reimburse Chanin and the Indemnified Person for all reasonable expenses incurred by them in connection with such Indemnified Person appearing and preparing to appear as such a witness, including without limitation, the reasonable fees and reasonable disbursements of legal counsel.

5.  Bankruptcy Court Approval:  The provisions of this Agreement are subject to the entry of an order of the Bankruptcy Court approving the retention of Chanin pursuant to the terms hereof.  The Committee shall use commercially reasonable best efforts to obtain prompt authorization of the retention of Chanin, nunc pro tunc to the date of this Agreement or the commencement date of the Company's bankruptcy case (to the extent this Agreement pre-dates the Chapter 11 commencement date) on the terms and provisions in this Agreement pursuant to section 328(a) of the Bankruptcy Code.  The order approving the Agreement and authorizing the retention shall be acceptable to Chanin in its sole discretion.

6.  Entire Agreement: This Agreement represents the entire Agreement between the parties and may not be modified except in writing signed by both parties. This Agreement may be executed in counterparts, each of which shall constitute an original. The invalidity or unenforceability of any provision of this Agreement shall not affect the validity or enforceability of any other provision and such invalid provision shall be deemed deleted herefrom to the minimum extent necessary to cure such violation.

14

CTDOCS/1636406.7



7. <u>Affiliation</u>: The Company recognizes that Chanin has been retained only by the Committee and that, unless agreed to by the Company and the Committee, the Committee's engagement of Chanin is not deemed to be on behalf of and is not intended to and does not confer rights upon the Company or any of its security holders, officers, agents, employees or representatives, or any individual members of the Committee.

8. <u>Choice of Law; Jurisdiction</u>: This Agreement will be governed by, and construed in accordance with, the laws of the State of New York applicable to agreements made and to be performed entirely in such state. Except to the extent that the parties shall be permitted to adjudicate any dispute in the Bankruptcy Court and the Bankruptcy Court desires to exercise such jurisdiction, each of the parties hereto consents and agrees that any claim or dispute arising out of or related to this Agreement will be brought in any state or federal court of competent jurisdiction in the State of New York, City of New York, provided that such consent and agreement shall not be deemed to require any bankruptcy case involving the Company to be filed in such courts.  By execution and delivery of this Agreement, each party submits and consents in advance to such jurisdiction in any action or suit commenced in any such court.  Each party hereby waives any objection that it may have based upon lack of personal jurisdiction, improper venue or forum non conveniens and hereby consents to the granting of such legal or equitable relief as is deemed appropriate by such court.  The consent to service of process shall be in accordance with New York law.  The parties hereto waive any right to trial by jury in any action, proceeding, or counterclaim (whether based upon contract, tort or otherwise) related to or arising out of the engagement of Chanin pursuant to, or the performance by Chanin of the services contemplated by, this Agreement.  Nothing in this paragraph shall pertain to or affect the authority of the Bankruptcy Court to consider and rule upon Chanin's applications for interim or final compensation pursuant to this Agreement.

9. <u>Other Matters</u>: If this letter correctly sets forth our Agreement on the matters covered herein, please so indicate by signing and returning the enclosed copy of this letter and signing and retaining the duplicate we are enclosing for your records.  Upon execution by all parties, this letter will constitute a legally binding Agreement among the Company, the Committee and Chanin.  This agreement, as well as all schedules and annexes thereto, shall be binding upon, and inure to the benefit of, the parties hereto and their respective successors and assigns.

15



We trust the foregoing terms and provisions are agreeable to you, and request that you sign and return the enclosed copy of this Agreement to us at your earliest convenience.

CHANIN CAPITAL PARTNERS L.L.C.

By:   _Russell A. Belinsky_

    Russell A. Belinsky
Its:   Senior Managing Director

**THE COMMITTEE:**

By:   _____/s Anand Desai_____

Its:   Committee Chairperson

16

CTDOCS/1636406.7



## Schedule I

This Schedule I is a part of and is incorporated into that certain letter agreement (the "Agreement"), dated August 5, 2005 between the Official Committee of Unsecured Creditors (the "Committee) of Allied Holdings, Inc. and its affiliated debtors and debtors-in-possession (collectively, the "Company") and Chanin Capital Partners LLC ("Chanin").  Capitalized terms not defined herein shall have the meanings ascribed to such terms in the Agreement.

The Company shall indemnify and hold harmless Chanin and its affiliates and their respective directors, officers, employees and agents and each other person, if any, controlling Chanin (Chanin and each such person or entity being referred to as an "Indemnified Person"), from and against any losses, claims, damages, judgments, assessments and other liabilities (collectively, "Liabilities"), and will reimburse each Indemnified Person for all reasonable fees and expenses (including the reasonable fees and expenses of counsel) (collectively, "Expenses") as they are reasonably incurred in investigating, preparing or defending any claim, action, proceeding or investigation, whether or not in connection with pending or threatened litigation and whether or not any Indemnified Person is a party (collectively, "Actions"), in each case, arising out of or in connection with services rendered or to be rendered by an Indemnified Person pursuant to the Agreement, the Restructuring Transaction contemplated thereby or any Indemnified Persons' actions or inactions in connection with any such services or Restructuring Transaction (the "Services"); provided that the Company will not be responsible for any Liabilities or Expenses of any Indemnified Person that are finally judicially determined by a non-appealable order to have resulted from such Indemnified Person's gross negligence or willful misconduct in connection with any of the actions, inactions or services referred to above.  Such Indemnified Person shall reasonably cooperate with the defense of any Actions.

If an Indemnified Person determines that any event, occurrence, fact, condition or claim has given or could give rise to any Liabilities for which such Indemnified Party is or may be entitled to, or may seek, indemnification under this Agreement, or becomes aware of the assertion of or receives notice of an Action against such Indemnified Person with respect to which indemnity may be sought under the Agreement, such Indemnified Person shall promptly notify the Company in writing; provided that failure to so notify the Company shall not relieve the Company from any liability which the Company or any other person may have on account of this indemnity or otherwise, except to the extent the Company shall have been materially prejudiced by such failure.  The Company shall, upon receipt of notice, assume the defense of any such Action including the employment of counsel reasonably satisfactory to Chanin.  Any Indemnified Person shall have the right to employ separate counsel in any Action and participate in the defense thereof, but the fees and expenses of such counsel shall be at the expense of such Indemnified Person, unless: (i) the Company has failed to assume the defense or (ii) the named parties to any such Action (including any impleaded parties) include such Indemnified Person and the Company, and such Indemnified Person shall have been advised by counsel that there may be one or more legal defenses available to it which are different from or in addition to those available to the Company which would make unethical or otherwise inappropriate for the same counsel to represent

17



both the Indemnified Party and the Company;  provided that the Company shall not in such event be responsible hereunder for the fees and expenses of more than one separate counsel in connection with any Action.  The Company shall not be liable for any settlement of any Action effected without its written consent (which shall not be unreasonably withheld).  In addition, the Company will not, without prior written consent of Chanin (which shall not be unreasonably withheld or delayed), settle, compromise or consent to the entry of any judgment in or otherwise seek to terminate any pending or threatened Action in respect of which indemnification or contribution may be sought hereunder (whether or not any Indemnified Person is a party thereto) unless such settlement, compromise, consent or termination includes an unconditional release of such Indemnified Person from all liabilities arising out of such Action.

In the event that the foregoing indemnity is not available to an Indemnified Person in accordance with the Agreement pursuant to the requirements of applicable law, the Company shall contribute to the Liabilities and Expenses paid or payable by such Indemnified Person in such proportion as is appropriate to reflect (i) the relative benefits to the Company, on the one hand, and to Chanin, on the other hand, of the services provided by Chanin under the Agreement, or (ii) if the allocation provided by the immediately preceding clause is not permitted by the applicable law, not only such relative benefits but also the relative fault of the Company, on the one hand, and Chanin, on the other hand, in connection with the services provided by Chanin as to which such Liabilities or Expenses relate, as well as any other relevant equitable considerations, provided that in no event shall the Indemnified Persons, in the aggregate, be liable for any Liabilities and Expenses in excess of the amount of fees actually received by Chanin pursuant to this Agreement.

No Indemnified Person shall have any liability (whether direct or indirect, in contract or tort or otherwise) to the Company or the Committee for or in connection with services rendered or to be rendered by any Indemnified Person pursuant to the Agreement, the Restructuring Transaction contemplated thereby or any Indemnified Person's actions or inactions in connection with any such services or Restructuring Transaction except for Liabilities (and related Expenses) of the Company or the Committee that are finally judicially determined by a non-appealable order to have resulted from such Indemnified Person's gross negligence or willful misconduct.

These indemnification, contribution and other provisions of this Schedule I shall (i) remain operative and in full force and effect regardless of any termination of the Agreement or completion of the engagement by Chanin; and (ii) be in addition to any other rights that any Indemnified Person may have.

18

CTDOCS/1636406.7

**Exhibit B**

**BELINSKY AFFIDAVIT
IN THE UNITED STATES BANKRUPTCY COURT
FOR THE NORTHERN DISTRICT OF GEORGIA
NEWNAN DIVISION**

| | |
|---|---|
| **In re:** | **Chapter 11** |
| **ALLIED HOLDINGS, INC.,** *et al.,* | **Case Nos. 05-12515 through 05-12537 Jointly Administered** |
| **Debtors.** | **Judge Drake** |

**AFFIDAVIT OF RUSSELL A. BELINSKY**

STATE OF CALIFORNIA       )
                          )ss:            Los Angeles, August 25, 2005
COUNTY OF LOS ANGELES )

Pursuant to Rule 2014(a) of the Federal Rules of Bankruptcy Procedure (the

"**Bankruptcy Rules**"), Russell A. Belinsky, being duly sworn, deposes and says:

1.       I am a senior managing director of the specialty investment banking firm of

Chanin Capital Partners LLC ("**Chanin**"), which is headquartered at 11150 Santa Monica

Boulevard, 6th Floor, Los Angeles, California 90025.  This affidavit is submitted in support of

the application of the Official Committee of Unsecured Creditors (the "**Committee**") in the

above-captioned chapter 11 cases for an Order authorizing the employment and retention of

Chanin as financial advisor for the Committee (the "**Application**").

2.       I submit this affidavit as evidence of the qualifications of Chanin to serve as

financial advisor to the Committee, and to make certain disclosures required under section 504

of the Bankruptcy Code and Rules 2014(a) and 2016 of the Federal Rules of Bankruptcy

Procedure (the "**Bankruptcy Rules**").  The facts set forth below are based either upon my

19

personal knowledge or upon client/matter records of Chanin reviewed by me or by a professional of Chanin under my supervision and direction.

3.      Chanin maintains its principal office at 11150 Santa Monica Boulevard, 6th Floor, Los Angeles, California 90025.  Chanin also has offices in New York and London. Chanin currently employs over 40 professionals.

4.      Furthermore, Chanin has served, or is currently serving, as financial advisor and/or investment banker to numerous official committees and debtors-in-possession in some of the largest and most complex chapter 11 cases in the country, and has been involved in numerous restructurings and recapitalizations in the automotive parts industry, including those of Aetna Industries, Citation, Collins & Aikman, GenTek, Hayes Lemmerz, JL French, Talon Automotive, and Venture Holdings.

5.      Chanin has conducted a conflicts search and made due inquiry regarding its connections and relations with the significant parties in interest in these cases.  A list of the entities that I caused to be submitted for review by our conflicts search is attached hereto as Schedule 1.

6.      Prior to July 31, 2005 (the "**Petition Date**"), Chanin performed certain financial advisory services for an ad hoc committee of Allied noteholders (the "**Ad Hoc Committee**"), as more fully described in the Application.  Three of the former members of the Ad Hoc Committee are presently members of the Committee.  They are Eton Park Capital Management, LP, D.E. Shaw Laminar Portfolios, LLC, and Stanfield Capital Partners, LLC.

7.      Except as disclosed herein, the professionals of Chanin do not have any other connection with the above-captioned debtors (the "**Debtors**"), the Debtors' principal secured

CTDOCS/1636406.7

creditors and the Debtors' largest unsecured creditors, the members of the Committee and any other known major creditor of the Debtors, or the Office of the United States Trustee or any employee thereof, and is "disinterested" as defined in section 101(14) of the Bankruptcy Code. Chanin and its professionals may currently advise or have in the past advised other entities that also are creditors of, or have other relationships to, the Debtors.  The results of Chanin's conflict check are contained in Schedule 2, attached hereto.

8.      Other than as set forth above, Chanin has not advised any of the entities listed on Schedule 2 in connection with matters relating to the Debtors, their estates, assets or businesses.  Chanin has no knowledge of any facts or information derived from services to the entities listed on Schedule 2 or above that would adversely affect Chanin's ability to advise the Committee.

9.      As part of its global activities, Chanin is involved in numerous cases, proceedings and transactions involving many different professionals, attorneys, accountants and financial consultants, some of which may represent claimants and parties in interest in these chapter 11 cases.  Further, Chanin has in the past, and may in the future, be represented by several attorneys and law firms, some of whom may be involved in this case.  In addition, Chanin has in the past and may in the future, be working with or against other professionals and creditor committee members involved in these cases.  Based on our current knowledge of the professionals involved, and to the best of my knowledge, none of these business relationships constitute interests materially adverse to the Debtors herein in matters upon which Chanin is to be employed, and none are in connection with this case.  Chanin has not and will not advise any of these entities in these chapter 11 cases or have any relationship with any such entities,

21

attorneys, accountants, financial consultants or investment bankers which would be adverse to the interests of the Committee.

10.     Based on the foregoing, Chanin is not expected to pursue any interests which are materially adverse to the Committee and is "disinterested" for purposes of section 101(14) of the Bankruptcy Code.  To the extent that Chanin discovers any facts bearing on any matters described herein or its representation of the Committee during the period of its employment, Chanin will supplement the information contained in this affidavit.

11.     Chanin has not received any promises as to payment or compensation in connection with these chapter 11 cases other than in accordance with the provisions of the Bankruptcy Code and as disclosed herein.

12.     Chanin has no agreement with any other entity to share compensation received by Chanin.

13.     The terms of Chanin's compensation from the Debtors' estates for services rendered to the Committee are outlined in the Engagement Letter.  The terms of the Engagement Letter provide that Chanin shall be paid a monthly advisory fee ("**Monthly Fee**") of $100,000.  In addition to the foregoing Monthly Fee, the Debtors shall pay Chanin a deferred fee (the "**Deferred Fee**") upon consummation of a Restructuring Transaction (as defined in the Engagement Letter).  The Deferred Fee shall be calculated as 1.0% of the Total Consideration (as defined in the Engagement Letter) in excess of $52.5 million.  The Deferred Fee shall be payable in kind at closing on the effective date of the Restructuring Transaction.  Chanin shall also be reimbursed for its out of pocket expenses incurred in connection with Chanin's engagement by the Committee, including the fees, disbursements and other reasonable charges

22

CTDOCS/1636406.7

of its legal counsel, if any.

14.     The following Chanin professionals will have primary responsibility for advising the Committee:   Russell Belinsky, Senior Managing Director; Richard Morgner, Managing Director; Brian Cullen, Vice President; Anurag Kapur, Vice President; Anjan Chatterjee, Senior Advisor; Sanjeev Varma, Senior Advisor; Mark Catania, Associate; John Cesarz, Associate; Daniel Shainberg, Analyst; and other professionals of Chanin, as needed.

15.     Chanin customarily charges a monthly fee for work of this nature.  This fee is set at a level designed to fairly compensate Chanin for the work of its professionals and to cover fixed and routine overhead expenses.  Chanin will seek reimbursement of reasonable out of pocket expenses incurred in connection with the services rendered to the Committee.  Out of pocket expenses shall include, but not be limited to all reasonable travel expenses, computer and research charges, reasonable attorney fees (provided that such attorney fees shall not exceed $25,000 without the Committee's prior consent, provided that no prior consent be required in connection with legal fees incurred by Chanin in connection with objections to Chanin's retention, or interim or final fee applications in a chapter 11 reorganization), messenger services and long-distance telephone calls.

16.     Chanin will seek to recover compensation and expenses in accordance with section 328(a) of the Bankruptcy Code, as incorporated in sections 330 and 331 of the Bankruptcy Code, the Bankruptcy Rules, and the rules and orders of this Court.  Chanin will maintain records of any actual and necessary costs and expenses incurred in connection with the aforementioned services.  Chanin has advised the Committee that it is not the general practice of financial advisory firms to keep detailed time records similar to those customarily

23

kept by attorneys.  Although Chanin does not charge for its services on an hourly basis, Chanin

nevertheless will maintain records of time, in increments of one-half (.50) of an hour, spent by

its professionals in connection with the rendering of services for the Committee.  Additionally,

apart from the time recording practices described above, Chanin's restructuring personnel do

not maintain their time records on a "project category" basis.  To have Chanin recreate the time

entries for its restructuring personnel would be unduly burdensome and time-consuming.

Accordingly, based upon the foregoing it is respectfully requested that, as part of any order

authorizing the retention of Chanin as financial advisors for the Committee, Chanin be

authorized to file fee applications in accordance with the foregoing "streamlined" time

recording practices.

17.    The foregoing constitutes the statement of Chanin pursuant to section 504 of the

Bankruptcy Code.

/s Russell A. Belinsky
RUSSELL A. BELINSKY
Senior Managing Director

SWORN TO AND SUBSCRIBED before me at
Los Angeles, California this 25th day of August,
2005.

/s Constance Martinez
Notary Public

[Notary Seal]
[Commission #1539949]
[Notary Public – California]
[Los Angeles County]
[My Comm. Expires Jan 1, 2009]

24

CTDOCS/1636406.7

**Schedule 1**

<u>Debtors, Subsidiaries/Affiliates</u>

Allied Holdings, Inc.
Allied Automotive Group, Inc.
Allied Systems, Lt. (L.P.)
Allied Systems (Canada) Company
QAT, Inc.
RMX LLC
Transport Support LLC
F.J. Boutell Driveaway LLC
Allied Freight Broker LLC
GACS Incorporated
Commercial Carriers, Inc.
Axis Group, Inc.
Kar-Tainer International, LLC
Axis Netherlands, LLC
Axis Areta, LLC
Logistic Technology, LLC
Logistic Systems, LLC
CT Services, Inc.
Cordin Transport LLC
Terminal Services LLC
Axis Canada Company
Ace Operations, LLC
AH Industries Inc.

**<u>Attorneys and Accountants</u>**

<u>Debtor</u>

Troutman Sanders LLP
Miller Buckfire & Co., LLC
Deloitte & Touche
KPMG, Ltd.

<u>Senior Secured Lenders under Amended and Restated Financing Agreement</u>

Klee, Tuchin, Bogdanoff & Stern, LLP
Shulte, Roth & Zabel
Conway, Delgenio, Gries & Co.

<u>Official Committee of Unsecured Creditors</u>

25

Bingham McCutchen LLP
Nelson, Mullins, Riley & Scarborough LLP
Cummins South, Inc.
Eton Park Capital Management, L.P.
D. E. Shaw Laminar Portfolios, LLC
Exotic Auto Transport, LLC
International Brotherhood of Teamsters
Stanfield Capital Partners, LLC
Wells Fargo Bank, as Indenture Trustee

Proposed DIP Facility Agents and Lenders

General Electric Capital Corporation
Morgan Stanley Senior Funding, Inc.
Marathon Structured Finance Fund, L.P.

Directors

David G. Bannister
Wiliam P. Benton
Thomas E. Boland
Guy W. Rutland, III
Guy W. Rutland IV
Robert J. Rutland
J. Leland Strange
Berner F. Wilson, Jr.
Robert R. Woodson
Hugh E. Sawyer

Executive Officers

Hugh E. Sawyer
Thomas M. Duffy
Thomas H. King

Liability Insurers and Related Parties

Cananwill, Inc.
AON
ACE USA
Royal Bank of Canada
Scotia Bank

26

CTDOCS/1636406.7

Deutsche Bank

Terminal Landlords

Alabama Great Southern Railroad Company
Autoport Limited (Lessor) and Auto Haulaway Inc. (Lessee)
Bell Cellular Inc.
Bennett's Trailer Company
Joe, Mary and Dan Blackard
Boston and Maine Corporation
Brewer Investments, Inc.
CSX Transportation, lnc.
Canadian National Railway Company
Canadian Pacific Railway Company
Canadian Pacific Limited
Cochran Realty
Commercial Carriers, Inc. d/b/a National Trucking Company
D&D Land Investments, LLC
Di Domenico, F.L.P.
Florida East Coast Railway
Ford Motor Company
Ford Motor Land Services Corporation
GE Capital Modular Space
GE Equipment Services Modular Space
General Drive Holdings, LLC
General Motors Corporation
Hart Industrial Park
Robert R. Herr
Intermountain Property, L.L.C.
K&R Resources, LLC
Kirby Services LLC
Donna M. Komadina, Trustee of the Living Trust of Donna M. Komadina
Greg & Bobbi Lee
Lepercq Corporate Income Fund
Les Orban
Marcoux Bros. Trucking Ltd.
Bernard J. Martin
Mazda Motor of America, Inc.
Mercury Manufacturing Inc. and Kennedy Logistics Inc.
Norfolk and Western Railway Company
Northeast Auto Marine Terminal
Northeast Vehicle Services
Norfolk Southern Railway Company
Pamela Pridemore

27

CTDOCS/1636406.7

Pasha Services
Qat, Inc.
Resun Corporation
SGS Automotive Services
Seaboard Coast Line Railroad Company
Soo Line Railroad Company
Southern Railway of British Columbia Limited
Southern Region Industrial Realty, Inc.
Space Airport Corporation
Stancor Enterprises Ltd.
State of Maryland/Department of Public Safety and Correctional Services
Terminal Service Company
The Atchison, Topeka and Santa Fe Railway Company
Timberland Four Limited Partnership
Title Source, Inc.
Total Distribution Services, Inc.
26600 Development Associates Limited Partnership
Union Pacific Railroad Company
Volkswagen of America, Inc.
Williams Scotsman, Inc.
Williams Scotsman

Unions and Related Pension and Welfare Funds

International Brotherhood of Teamsters
Central States Pension Fund
Central States Health & Welfare Fund
Western Teamsters Welfare Fund
Automobile Transporter Welfare Fund of New York
Fund of Philadelphia
Health Fund 917
United Auto Workers

Major Customers and Related Corporations

General Motors Corporation
Ford Motor Corporation
UPS Autologistics
American Honda Motor Company
United Parcel Service
DaimlerChrysler Corporation
Toyota Motor Sales USA, Inc.
Hyundai Motor America
Isuzu Transport, Inc.

28

CTDOCS/1636406.7

American Suzuki Motor Corporation
Nissan North America, Inc.


Equipment Lessors

Banc of America Leasing
Chase Equipment Leasing
General Electric Capital Corporation
Merrill Lynch Capital, a division of Merrill Lynch Business Financial Services, Inc.
DaimlerChrysler Truck Finance

Other

Ryder System, Inc.

Major Vendors

Comdata Corporation
International Business Machines Corporation
Petro Canada
Delavan Industries, Inc.
Pilot Corporation
Ports Petroleum Company
Corporate Lodging
USI of Georgia, Inc.
Eastern Canada Car Carriers
Michelin Tire, N.A.
Fleet Force
W.S.LB.
Marathon Ashland Petroleum LLC
American Express
Atlas Oil company
Exotic Auto transport
Complete Personnel Logistics, Inc.
AIG Credit Corp. of Canada
Cummins South, Inc.
Servi-Flotte, Inc.
Streicher mobile Refueling
U.S. Security Associates, Inc.
Champion Auto Carriers
Bandag, Inc
Bandag Canada, Inc.
AT & T Corporation

29

CTDOCS/1636406.7

Chevron Energy Solutions L.P.
Marsh Canada Limited
Lexington Decatur LLC
Hunt Enterprises
Carday Associates
SSG Automotive Service
Chevron Canada Limited
JEMM Mobile Truck & Trailer
Foss Supreme Auto Transport
Gevity
Lakeside Oil Company
TM Claims Service
Canadian Transit Co.
Truck Service of Virginia, Inc.
Mansfield Oil Company
Imperial Supplies, LC
British Columbia Ferry Corp.
Timberland Four Limited
EOSComp, Ltd.
Cottrell, Inc.
FPF, Inc.
Imperial Oil
Volvo Action Service
Microsoft Licensing
Sterling Truck & Trailer Sales
Complete personnel Logistics
ExxonMobile Oil Corporation
Globalcam (Montreal), Inc.
United Healthcare Insurance Co.
B & D Management Company

<u>Agents and Senior Secured Lenders under Amended and Restated Financing Agreement</u>

Ableco Finance LLC
Wells Fargo Foothill, Inc.
A3 Funding LP
A4 Funding LP
A4 Fund Management, LLC
Styx International, Ltd.
The Long Horizons Overseas Fund, Ltd.
Adams Street CBO 199801 Ltd.
1888 Fund, Ltd.
Guggenheim Investment Management

CTDOCS/1636406.7

Fortwirth CDO Ltd.
Magma CDO Ltd.
Stellar Funding, Ltd.
Upper Columbia Capital Company LLC
Fortress Credit Opportunities I LLC
Fortress Credit Opportunities I LLP
DB Special Opportunities LLC
Congress Financial Corporation (Central)
Standard Federal Bank National Association
LaSalle Business Credit, LLC
Textron Financial Corporation
HCM/Z Special Opportunities LLC
Highbridge Capital Management, LLC
Bernard Global Loan Investors, Ltd.
Bernard National Loan Investors, Ltd.

Ad Hoc Committee of Holders of Senior Note Holders

First National Bank of Chicago (Indenture Trustee)
AIG Global Investment Group
Airlie Opportunity Master Fund, Inc.
Barclays Bank PLC
Quadrangle Master Funding LTD
Scoggin Capital Management, L.P. II
Xerion Partners I LLC
Xerion Partners II Master Fund Limited

CTDOCS/1636406.7

**Schedule 2**

| Party | Relationship |
|---|---|
| 1888 Fund, Ltd. | Member of committee or interested party in wholly unrelated matter for which Chanin acts or acted as financial advisor or investment banker. |
| A3 Funding LP | Member of committee or interested party in wholly unrelated matter for which Chanin acts or acted as financial advisor or investment banker. |
| A4 Fund Management, LLC | Member of committee or interested party in wholly unrelated matter for which Chanin acts or acted as financial advisor or investment banker. |
| A4 Funding LP | Member of committee or interested party in wholly unrelated matter for which Chanin acts or acted as financial advisor or investment banker. |
| Ableco Finance LLC | Member of committee or interested party in wholly unrelated matter for which Chanin acts or acted as financial advisor or investment banker. |
| ACE USA | Member of committee or interested party in wholly unrelated matter for which Chanin acts or acted as financial advisor or investment banker. |
| Adams Street CBO 199801 Ltd. | Member of committee or interested party in wholly unrelated matter for which Chanin acts or acted as financial advisor or investment banker. |
| AIG Global Investment Group | Member of committee or interested party in wholly unrelated matter for which Chanin acts or acted as financial advisor or investment banker. |
| Airlie Opportunity Master Fund, Inc. | Member of committee or interested party in wholly unrelated matter for which Chanin acts or acted as financial advisor or investment banker. |
| American Honda Motor Company | Member of committee or interested party in wholly unrelated matter for which Chanin acts or acted as financial advisor or investment banker. |

32

CTDOCS/1636406.7

| Party | Relationship |
|---|---|
| American Suzuki Motor Corporation | Member of committee or interested party in wholly unrelated matter for which Chanin acts or acted as financial advisor or investment banker. |
| AON | Member of committee or interested party in wholly unrelated matter for which Chanin acts or acted as financial advisor or investment banker. |
| Banc of America Leasing | Member of committee or interested party in wholly unrelated matter for which Chanin acts or acted as financial advisor or investment banker. |
| Barclays Bank PLC | Member of committee or interested party in wholly unrelated matter for which Chanin acts or acted as financial advisor or investment banker. |
| Bernard Global Loan Investors, Ltd. | Member of committee or interested party in wholly unrelated matter for which Chanin acts or acted as financial advisor or investment banker. |
| Bernard National Loan Investors, Ltd. | Member of committee or interested party in wholly unrelated matter for which Chanin acts or acted as financial advisor or investment banker. |
| Bingham McCutchen LLP | Working with or against on other engagements in wholly unrelated matters. |
| Chase Equipment Leasing | Member of committee or interested party in wholly unrelated matter for which Chanin acts or acted as financial advisor or investment banker. |
| Congress Financial Corporation (Central) | Member of committee or interested party in wholly unrelated matter for which Chanin acts or acted as financial advisor or investment banker. |
| D.E. Shaw Laminar Portfolios, LLC | Member of committee or interested party in wholly unrelated matter for which Chanin acts or acted as financial advisor or investment banker. |
| DaimlerChrysler Corporation | Member of committee or interested party in wholly unrelated matter for which Chanin acts or acted as financial advisor or investment banker. |

33

CTDOCS/1636406.7

| Party | Relationship |
|---|---|
| DB Special Opportunities LLC | Member of committee or interested party in wholly unrelated matter for which Chanin acts or acted as financial advisor or investment banker. |
| Deloitte & Touche | Working with or against on other engagements in wholly unrelated matters. |
| Deutsche Bank | Member of committee or interested party in wholly unrelated matter for which Chanin acts or acted as financial advisor or investment banker. |
| First National Bank of Chicago (Indenture Trustee) | Member of committee or interested party in wholly unrelated matter for which Chanin acts or acted as financial advisor or investment banker. |
| Ford Motor Corporation | Member of committee or interested party in wholly unrelated matter for which Chanin acts or acted as financial advisor or investment banker. |
| Fortress Credit Opportunities LLC | Member of committee or interested party in wholly unrelated matter for which Chanin acts or acted as financial advisor or investment banker. |
| Fortress Credit Opportunities LLP | Member of committee or interested party in wholly unrelated matter for which Chanin acts or acted as financial advisor or investment banker. |
| Fortwirth CDO Ltd. | Member of committee or interested party in wholly unrelated matter for which Chanin acts or acted as financial advisor or investment banker. |
| General Electric Capital Corporation | Member of committee or interested party in wholly unrelated matter for which Chanin acts or acted as financial advisor or investment banker. |
| General Motors Corporation | Certain employees of Chanin hold debt/equity securities. The aggregate holdings of such Chanin employees total less than $200,000. |
| Guggenheim Investment Management | Member of committee or interested party in wholly unrelated matter for which Chanin acts or acted as financial advisor or investment banker. |

34

CTDOCS/1636406.7

| Party | Relationship |
|---|---|
| HCM/Z Special Opportunities | Member of committee or interested party in wholly unrelated matter for which Chanin acts or acted as financial advisor or investment banker. |
| Highbridge Capital Management | Member of committee or interested party in wholly unrelated matter for which Chanin acts or acted as financial advisor or investment banker. |
| Hyundai Motor America | Member of committee or interested party in wholly unrelated matter for which Chanin acts or acted as financial advisor or investment banker. |
| Izuzu Transport, Inc. | Member of committee or interested party in wholly unrelated matter for which Chanin acts or acted as financial advisor or investment banker. |
| Klee, Tuchin, Bogdanoff & Stern, LLP | Working with or against on other engagements in wholly unrelated matters. |
| KPMG, Ltd. | Working with or against on other engagements in wholly unrelated matters. |
| LaSalle Business Credit | Member of committee or interested party in wholly unrelated matter for which Chanin acts or acted as financial advisor or investment banker. |
| Magma CDO Ltd. | Member of committee or interested party in wholly unrelated matter for which Chanin acts or acted as financial advisor or investment banker. |
| Miller Buckfire & Co., LLC | Working with or against on other engagements in wholly unrelated matters. |
| Nissan North America, Inc. | Member of committee or interested party in wholly unrelated matter for which Chanin acts or acted as financial advisor or investment banker. |
| Quadrangle Master Funding LTD | Member of committee or interested party in wholly unrelated matter for which Chanin acts or acted as financial advisor or investment banker. |
| Royal Bank of Canada | Member of committee or interested party in wholly unrelated matter for which Chanin acts or acted as financial advisor or investment banker. |

CTDOCS/1636406.7

| Party | Relationship |
|---|---|
| Scoggin Capital Management, L.P. II | Member of committee or interested party in wholly unrelated matter for which Chanin acts or acted as financial advisor or investment banker. |
| Scotia Bank | Member of committee or interested party in wholly unrelated matter for which Chanin acts or acted as financial advisor or investment banker. |
| Standard Federal Bank National Association | Member of committee or interested party in wholly unrelated matter for which Chanin acts or acted as financial advisor or investment banker. |
| Stanfield Capital Partners, LLC | Member of committee or interested party in wholly unrelated matter for which Chanin acts or acted as financial advisor or investment banker. |
| Stellar Funding, Ltd. | Member of committee or interested party in wholly unrelated matter for which Chanin acts or acted as financial advisor or investment banker. |
| Styx International, Ltd. | Member of committee or interested party in wholly unrelated matter for which Chanin acts or acted as financial advisor or investment banker. |
| Textron Financial Corporation | Member of committee or interested party in wholly unrelated matter for which Chanin acts or acted as financial advisor or investment banker. |
| The Long Horizons Overseas Fund, Ltd. | Member of committee or interested party in wholly unrelated matter for which Chanin acts or acted as financial advisor or investment banker. |
| Thomas H. King/Tatum Partners | Member of committee or interested party in wholly unrelated matter for which Chanin acts or acted as financial advisor or investment banker. |
| Toyota Motor Sales USA, Inc. | Member of committee or interested party in wholly unrelated matter for which Chanin acts or acted as financial advisor or investment banker. |
| Troutman Sanders LLP | Working with or against on other engagements in wholly unrelated matters. |

36

| Party | Relationship |
|---|---|
| United Auto Workers | Member of committee or interested party in wholly unrelated matter for which Chanin acts or acted as financial advisor or investment banker. |
| United Parcel Service | Member of committee or interested party in wholly unrelated matter for which Chanin acts or acted as financial advisor or investment banker. |
| Upper Columbia Capital Company LLC | Member of committee or interested party in wholly unrelated matter for which Chanin acts or acted as financial advisor or investment banker. |
| UPS Autologistics | Member of committee or interested party in wholly unrelated matter for which Chanin acts or acted as financial advisor or investment banker. |
| Wells Fargo Bank, as Indenture Trustee | Member of committee or interested party in wholly unrelated matter for which Chanin acts or acted as financial advisor or investment banker. |
| Wells Fargo Foothill | Member of committee or interested party in wholly unrelated matter for which Chanin acts or acted as financial advisor or investment banker. |
| Xerion Partners LLC | Member of committee or interested party in wholly unrelated matter for which Chanin acts or acted as financial advisor or investment banker. |
| Xerion Partners Master Fund Limited | Member of committee or interested party in wholly unrelated matter for which Chanin acts or acted as financial advisor or investment banker. |

37

CTDOCS/1636406.7

**Exhibit C**

**Proposed Order**

IN THE UNITED STATES BANKRUPTCY COURT
FOR THE NORTHERN DISTRICT OF GEORGIA
NEWNAN DIVISION

| | |
|---|---|
| In re: | Chapter 11 |
| ALLIED HOLDINGS, INC., *et al.,* | Case Nos. 05-12515 through 05-12537 Jointly Administered |
| Debtors. | Judge Drake |

ORDER AUTHORIZING THE EMPLOYMENT OF
CHANIN CAPITAL PARTNERS LLC AS FINANCIAL ADVISOR TO THE OFFICIAL
COMMITTEE OF UNSECURED CREDITORS

Upon the application dated [       ] (the "**Application**") of the Official Committee of Unsecured Creditors (the "**Committee**") appointed in the chapter 11 cases of the above captioned debtors and debtors in possession (the "**Debtors**") for entry of an order pursuant to section 1103(a) of title 11 of the United States Code, 11 U.S.C. §§ 101 et seq. (as amended the "**Bankruptcy Code**"), and Rules 2014(a) and 2016 of the Federal Rules of Bankruptcy Procedure (the "**Bankruptcy Rules**"), authorizing the employment of Chanin Capital Partners LLC ("**Chanin**") *nunc pro tunc* as of August 5, 2005, as financial advisor to the Committee; and upon the accompanying Affidavit of Russell A. Belinsky, a senior managing director of Chanin, in support thereof ( the "**Belinsky Affidavit**"); and the Court having jurisdiction to consider the Application and the relief requested therein in accordance with 28 U.S.C. §§ 157 and 1334; and the consideration of the Application and the relief requested therein being a core proceeding in accordance with 28 U.S.C. § 157(b); and the Court having considered the Application, the Belinsky Affidavit, and all responses or objections to the Application; and the Court being satisfied that Chanin is a disinterested person and does not hold or represent an interest adverse to the estate with respect to any of the matters for which Chanin is to be

39

CTDOCS/1636406.7

engaged; and the Court finding that the employment of Chanin is necessary to the performance of the Committee's duties; and notice of this Order having been given to all parties entitled to receive notice; and it appearing that no other notice need be given; and after due deliberation and sufficient cause appearing therefor, it is hereby

**ORDERED THAT:**

1.     The Application be and it hereby is granted in its entirety, subject to any objections filed within twenty (20) days after entry of this order.

2.     The Committee be and hereby is authorized to execute the Engagement Letter and to retain Chanin as its financial advisor effective nunc pro tunc to August 5, 2005, to represent the Committee in these chapter 11 cases.

3.     The compensation provided for in the Engagement Letter is appropriate compensation pursuant to 328(a) of the Bankruptcy Code, and is approved pursuant to Section 328(a).

4.     The indemnification provisions contained in enumerated paragraph 4 of the Engagement Letter shall be binding on the Debtors, provided however, that any and all indemnification claims shall not be valid and payable without this Court's prior approval in accordance with sections 330 and 331 of the Bankruptcy Code (including section 328(a) as incorporated into such sections), Bankruptcy Rule 2014, the Local Rules and any orders of this Court.

5.     Chanin will be compensated for its services upon application to the Court in accordance with sections 330 and 331 of the Bankruptcy Code (including section 328(a) as incorporated into such sections), Bankruptcy Rule 2014, the Local Rules and any orders of this

40

CTDOCS/1636406.7

Court; provided however, that Chanin may submit time records in the streamlined format which shall set forth a description of the services rendered by each Chanin professional and the amount of time spent on each date by each such individual in rendering services on behalf of the Committee.

**SO ORDERED** this _____ day of _____, 2005.

_____
HONORABLE W. HOMER DRAKE, JR.
UNITED STATES BANKRUPTCY JUDGE


PRESENTED BY:

/s/ Anthony J. Smits_____
Anthony J. Smits
Jonathan B. Alter
William F. Govier
Admitted pro hac vice


BINGHAM McCUTCHEN LLP
Proposed Counsel for the Official Committee
of Unsecured Creditors
One State Street
Hartford, CT  06105
(860) 240-2700
anthony.smits@bingham.com

41

CTDOCS/1636406.7