UNITED STATES BANKRUPTCY COURT
NORTHERN DISTRICT OF GEORGIA
NEWNAN DIVISION

---------------------------------------------------------------x
In re:                                                                  )   Chapter 11
                                                                            )
ALLIED HOLDINGS, INC., et. al.                             )   Case Nos. 05-12515-05-12526
                                                                            )   and 05-12528-05-12537- CRM
                                        Debtors.            )   (Jointly Administered)
---------------------------------------------------------------x

## MOTION TO APPOINT AN
## OFFICIAL COMMITTEE OF RETIREES

Comes now Robert Harrison, Julia Jessup, Tex Flippin, Dean Fuller, Joseph Collier, Stan Weaver, Ed Salter and Dan Routzahn[1] and move this Court pursuant to the provisions of 11 U.S.C. §§ 1102, 1103 and 1114(d) for an order appointing an Official Committee of Retirees ("Retiree Committee") to act as the authorized representative for the non collective bargaining agreement ("CBA")  retirees of Allied Holdings Inc., and their surviving spouses and dependants, for all matters and proceedings in this case, including, but not limited to, those initiated pursuant to 11 U.S.C. § 1114 and 1129 and to appoint the Movants as its members.  In support of this motion, Movants show as follows:

### JURISDICTION AND VENUE

1.

On July 31, 2005, Allied Holdings, Inc. and related companies (collectively "Allied") filed voluntary petitions for relief under Chapter 11 of the United States Bankruptcy Code in this Court.

---

[1] Counsel for Movants has been contacted by numerous other retired employees of the Debtors seeking representation in this case to protect their benefits. These include both executive and non executive retirees.  However, the Debtors pending motions seem only to impact non collective bargaining workers. See paragraph 5 of each of the 1114 Motions.

2.

This Court has subject matter jurisdiction to consider this motion under 28 U.S.C.§ 1334. This is a core proceeding under 28 U.S.C.§ 157(b) of the Judicial Code.  Venue is proper before this Court under 28 U.S.C.§ 1409.

3.

This motion is necessitated by the Debtors' "Motion for Order Confirming Termination Benefits of Certain Retiree Benefits (Allied System Ltd. Employees Death Benefit Plan) and "Motion for Order Confirming Termination of Certain Retiree Benefits (Allied Retiree Benefit Plan)" (collectively the "1114 Motions") in which the Debtors seek to terminate the medical and death benefits and rights of non CBA retired workers without affording them representation to protect their rights under 11 U.S.C.§ 1114.   The relief which the Debtors seek in the 1114 Motions cannot be afforded absent compliance with Section 1114 of the Bankruptcy Code including the appointment of an authorized representative or official committee to represent these retirees.  11 U.S.C.§ 1114(d).

## FACTUAL AND LEGAL BACKGROUND

4.

11 U.S.C.§ 1114(a) defines retiree benefits as "payments made to any entity or person for the purpose of providing or reimbursing payments for retired employees and their spouses and dependants, for medical, surgical, or hospital care benefits, or benefits in the event of sickness, accident, disability, or death under any plan, fund or program (through the purchase of insurance or otherwise) maintained or established in whole or in part by the debtor prior to filing a petition commencing a case under this title."

5.

11 U.S.C.§ 1114(d) states as follows:

"The court upon a motion by any party in interest and after notice and a hearing, **shall** appoint a committee of retired employees if the debtor seeks to modify or not pay the retiree benefits or if the court otherwise determines that it is appropriate, to serve as the authorized representative, under this section, of those persons receiving any retiree benefits not covered by a collective bargaining agreement." (emphasis added)

6.

Allied admits in its 1114 Motion that the relief it seeks impacts 24 employees who are entitled to death benefits and 120 who are entitled to medical benefits, all of which are retiree benefits as contemplated by 11 U.S.C. § 1114(a). The 1114 Motion involve retire benefits and the procedures of 11 U.S.C.§ 1114 are invoked and are applicable.

7.

Historically, the pensions and benefits of workers present an opportunistic target for reducing debt and expenses for debtors and it is no secret that bankruptcies are often filed because it is perceived to be easier to reduce, or eliminate, the benefits of retired workers in bankruptcy. The loss of retirement benefits can have a devastating impact on retirees and their families who are, by definition, on fixed incomes.

8.

Congress understood that retirees are among the most, if not the most, vulnerable creditors in bankruptcy reorganizations. To remedy this inequity, Congress enacted the Retiree Benefits Bankruptcy Protection Act of 1988, Pub.L.No. 100-334, 102 Stat. 610 which added 11 U.S.C. § 1114 to the Bankruptcy Code. This code section was designed to protect retired

3

workers during Chapter 11 reorganizations by preventing the loss of retiree benefits they earned during their working years and was enacted specifically in response to the LTV Steel bankruptcy in which the debtor immediately ceased providing heath benefits to its employees when it filed Chapter 11..

9.

Section 1114 provides for a procedure, albeit expedited, which must be followed in order to modify or terminate pension and retiree benefits, and establishes a mechanism to assure that retired workers[2] will have a spokesperson to represent their interests.

10.

In the context of retiree benefits, Section 1114(d) mandates the appointment of an "authorized representative" before the debtor files an 1114 motion and states that the "court… **shall** appoint a committee" if the debtor seeks to modify or terminate retiree benefits.  Section 1114 specifies that the committee will be selected from "those persons receiving retiree benefits not covered by a collective bargaining agreement".  11 U.S.C. § 1114(d).[3]  It is not discretionary as to whether a committee will be appointed.  A committee must be appointed.

---

[2] This motion deals only with non CBA workers, although the same arguments apply to retirees whose rights derive from a CBA.

[3] As to CBA retirees, Section 1114(c)(1) states that a labor organization shall be the authorized representative of persons receiving retiree benefits unless the labor organization (1) elects not to serve as the authorized representative or (2) the court determines that different representation is appropriate.  In many cases, a different representative is appropriate.  The Second Circuit has suggested that during Section 1113 proceedings for example, "it may not always be appropriate for a union to represent both active and retired workers in modification proceedings" because of the potential conflict of interest between active and retired workers.  In re Century Brass Products, Inc., 795 F.2d 265, 275 (2nd Cir. 1986); see also Pittsburgh Plate Glass, 404 U.S. at 173, 92 S. Ct. at 394 (although an employer and union may agree to bargain over the modification of retiree benefits, forcing a union to represent both active employees and retirees can "create the potential for severe internal conflicts" and create the risk that "union representatives may see fit to bargain for improved wages or other conditions favoring active employees at the expense of retirees' benefits").

4

11.

Once a committee is formed, the debtor-in-possession has a duty, under Section 1114(f), to make any retiree benefit modification proposal to the authorized representative, to provide the authorized representative with relevant information necessary to evaluate the proposal, and to "meet, at reasonable times, with the authorized representative to confer in good faith in attempting to reach mutually satisfactory modifications of such retiree benefits." All of this must be done **before** an 1114 motion is filed.

12.

Thus, the 1114 Motions are premature because the Debtors have utterly failed to comply with the requirements of Section 1114(f). No committee has been appointed, 11 U.S.C.§ 1114(d), the Debtors have made no proposal to the authorized representative, 11 U.S.C.§1114(f)(1)(A), the Debtors have supplied NO information, complete, reliable or otherwise, from which the proposal can be evaluated, 11 U.S.C.§ 1114(f)(1)(B), and have failed to show that the modifications sought are "necessary to permit the reorganization of the debtor" and "assure[s] that all creditors, the debtor and all of the affected parties will be treated fairly and equitably." 11 U.S.C.§ 1111(f)(1)(A). Nor, have the Debtors met with the affected parties as required by 11 U.S.C.§1114(f)(2) before filing the 1114 Motions. Of course, none of this should be surprising because there is no one to meet with unless and until the Court appoints a committee.

13.

In their 1114 Motions, the Debtors cavalierly state that they do not have to comply with Section 1114 because the retirees will get notice of the hearing and can always object. Apart from citing no authority for this outrageous proposition, the Court can also tell by the many pro

se objections filed to the 1114 Motions, that there is confusion among the retiree group about their content and impact. Most retires are ill equipped to understand and respond to such motions, gather the necessary evidence, analyze the information and present any credible opposition. Being retired, they are older, often in poor health and certainly with less economic means than the Debtor and its cadre of professionals. These are the precise reasons why Section 1114 was enacted and why a committee to represent them is mandated.

14.

The purpose of the committee is to review and analyze the Section 1114 proposal by Allied to modify the retiree benefits, and "to confer in good faith in attempting to reach mutually satisfactory modifications of such retiree benefits," 11 U.S.C. §1114(f)(2), and thereafter to represent their interests at a hearing on the Section 1114 motion. 11 U.S.C. §1114(k). Indeed, the Court cannot grant any Section 1114 relief without a committee because it cannot make the requisite finding under 11 U.S.C.§1114(g)(2) that "the authorized representative of the retirees has refused to accept such proposal without good cause."

15.

Accordingly, this Court must appoint a committee of retirees to act as the "authorized representative" of Allied's non CBA retirees if the Debtors wish to seek Section 1114 relief and should appoint the Movants as its members because they are representative of the group of retired non CBA employees and are willing to serve on the committee.

16.

11 U.S.C.§ 1114(b)(2) defines the initial powers and scope of the committee. "Committees of retired employees appointed by the court pursuant to this section shall have the same rights, powers, and duties as committee appointed under sections 1102, 1103 of this title

for the purposes of carrying out the purposes of sections 1114 and 1129(a)(13), and as permitted by the court, shall have the power to enforce the rights of person under this title as they relate to retiree benefits." Initially, this Committee would be formed to represent the non CBA retirees. However, should Allied be successful in modifying or rejecting its CBA and thereafter seek to modify or terminate the retiree benefits of CBA retirees, then this committee could be expanded to include them as well.

WHEREFORE, Robert Harrison, Julia Jessup, Tex Flippin, Dean Fuller, Joseph Collier, Stan Weaver, Ed Salter and Dan Routzahn move this Court to appoint an Official Committee of Retirees to act as the authorized representative for Allied Holdings, Inc.'s non collective bargaining agreement retirees, survivors and dependents on all matters in this case related to Sections 1114 and 1129 of the Bankruptcy Code, to appoint them as the members of the committee and to grant such other and further relief as this Court deems just and proper.

This the 11th day of May, 2006.

| | |
|---|---|
| Schreeder, Wheeler & Flint, LLP<br>127 Peachtree Street, N.E.<br>1600 Candler Building<br>Atlanta, Georgia  30303-1845<br>Telephone: (404) 681-3450<br>Facsimile: (404) 681-1046 | /s/  John A. Christy<br>Attorney for Robert Harrison, Julia Jessup, Tex Flippin, Dean Fuller, Joseph Collier, Stan Weaver, Ed Salter and Dan Routzahn |

7

CERTIFICATE OF SERVICE

This is to certify that I have this day served counsel for the other parties in the foregoing matter with a copy of the foregoing MOTION TO APPOINT AN OFFICIAL COMMITTEE OF RETIREES electronically to those on the Court's ECF system and via first class mail addressed to:

    Ezra H. Cohen, Esq.
    Jeffrey Kelly, Esq.
    Aliza H. Aczel, Esq.
    Harris Winsberg, Esq.
    Troutman Sanders, LLP
    5200 Bank of America Plaza
    600 Peachtree Street, N.E.
    Atlanta, Georgia  30308

    F. Maria Sheffield, Esq.
    Greenebaum Doll & McDonald, PLLC
    100 Colony Square Street, Ste. 780
    1175 Peachtree Street, N.E.
    Atlanta, Georgia  30361

    R. Jeneane Treace,Esq.
    Office of the U.S. Trustee
    362 Richard B. Russell Building
    75 Spring Street
    Atlanta, Georgia  30303

    Wells Fargo Bank National Assoc. as Trustee
    Attn: Thomas M. Korsman, V.P.
    6th & Marquette Avenue
    Mac # N9303-120
    Minneapolis, MN  55479

    International Brotherhood of Teamsters
    Attn:  Frederick Perillo, Esq.
    Previant, Goldberg, et al.
    1555 North River Center Dr.
    Suite 202
    Milwaukee, WI  53212

    Cummins South, Inc.
    Attn: Susan Stephens, Controller

5125 Highway 85
Atlanta, GA  30349

Fasken Martineau Dumoulin, LLP
Official Committee of Unsecured Creditors
Attn: Sheryl E. Seigel
P.O. Box 20
Toronto, Ontario  M5K 1N6


Anthony J. Smits, Esq.
Bingham McCutchen, LLP
One State Street
Connecticut, MA  06103
Byron Crane Starcher, Esq.
Nelson Mullins Riley & Scarborough, LLP
Suite 1400
999 Peachtree Street, N.E.
Atlanta, Georgia  30309

Jonathan B. Alter, Esq.
Bingham McCutchen, LLP
One State Street
Hartford, CT  06103-3178

Richard B. Herzog, Jr.
Nelson Mullins Riley & Scarborough, LLP
First Union Plaza, Ste. 1400
999 Peachtree Street, N.E.
Atlanta, Georgia  30309

William F. Govier, Esq.
Bingham McCutchen, LLP
One State Street
Hartford, CT  06103-3178

This the 11th day of May, 2006.

\s\John A. Christy
Georgia Bar No. 125518
Attorney for Robert Harrison, Julia Jessup,
Tex Flippin, Dean Fuller, Joseph Collier,
Stan Weaver, Ed Salter and Dan Routzahn

Schreeder, Wheeler & Flint, LLP
127 Peachtree Street, N.E.
1600 Candler Building
Atlanta, Georgia  30303-1845
Telephone: (404) 681-3450
Facsimile: (404) 681-1046

K:\6304\1\Pleadings\Retiree Committee Motion.doc