IN THE UNITED STATES BANKRUPTCY COURT
FOR THE NORTHERN DISTRICT OF GEORGIA
ATLANTA DIVISION

| | |
|---|---|
| In re:<br><br>**ALLIED HOLDINGS, INC., et.al**<br><br>Debtors. | **Chapter 11**<br><br>**Case Nos. 05-12515 through 05-12526 and 05-12528 through 05-12537**<br><br>**Jointly Administered**<br><br>**Honorable Judge Mullins** |

**AFFIDAVIT OF JEFFREY PIRRUNG
CERTIFYING THE BALLOTS ACCEPTING OR REJECTING THE SECOND
AMENDED JOINT PLAN OF REORGANIZATION OF ALLIED HOLDINGS, INC.
AND AFFILIATED DEBTORS PROPOSED BY THE DEBTORS, YUCAIPA AND THE
TEAMSTERS NATIONAL AUTOMOBILE TRANSPORTATION INDUSTRY
<u>NEGOTIATING COMMITTEE DATED APRIL 5, 2007</u>**

STATE OF FLORIDA      )
                      ) SS:
COUNTY OF Duval       )

Jeffrey Pirrung, under penalty of perjury, states as follows:

      1.      I am a Vice President of Administar Services Group, a consultant to JPMorgan Trust Company, N.A. ("JPMorgan")[1], and have personal knowledge of the facts set forth herein.

      2.      Pursuant to an Order of this Court dated August 2, 2005, Allied Holdings, Inc., Axis Group Inc., Allied Automotive Group, Inc., Allied Systems, Ltd. (L.P.), Allied Systems (Canada) Company, QAT, Inc., RMX LLC, Transport Support LLC, F.J. Boutell Driveaway LLC, Allied Freight Broker LLC, GACS Incorporated, Commercial Carriers, Inc., Axis Netherlands, LLC, Axis Areta, LLC, Logistic Technology, LLC, Logistic Systems, LLC, CT Services, Inc., Cordin

---

[1] All capitalized terms not otherwise defined herein are to be given the meanings ascribed to them in the *Second Amended Joint Plan of Reorganization of Allied Holdings, Inc. and Affiliated Debtors Proposed by the Debtors, Yucaipa and the Teamsters National Automobile Transportation Industry Negotiating Committee* dated April 5, 2007 (the "Plan").

Transport LLC, Terminal Services LLC, Axis Canada Company, Ace Operations, LLC, and AH Industries, Inc., as Debtors and Debtors-in-Possession (the "Debtors") retained JPMorgan to act as claims, noticing, and balloting agent.

3. JPMorgan mailed the Ballots and notices with respect to the Plan in accordance with the terms of the ORDER (A) APPROVING THE DISCLOSURE STATEMENT; (B) APPROVING SOLICITATION AND VOTING PROCEDURES WITH RESPECT TO THE SECOND AMENDED JOINT PLAN OF REORGANIZATION; (C) APPROVING FORM OF SOLICITATION PACKAGE AND NOTICES; (D) SCHEDULING CONFIRMATION HEARING; AND (E) SCHEDULING CERTAIN DATES IN CONNECTION THEREWITH entered by the Court on April 6, 2006 (the "Disclosure Statement/Solicitation Procedures Order") and complied with all other applicable provisions of the Disclosure Statement/Solicitation Procedures Order. Specifically, JPMorgan (a) mailed a Solicitation Package[2] to all Holders of Claims entitled to vote on the Plan, (b) mailed a Non-Voting Notice to each Non-Voting Creditor and registered Interest Holder and (c) caused the Solicitation Notice to be published in the national edition of the *Wall Street Journal* and the *Atlanta Journal-Constitution* on April 13, 2007 (copies of the corresponding publication affidavits are attached hereto, together, as part of Attachment A).[3] In addition, although not specifically required by the Disclosure Statement/Solicitations Procedure Order, JPMorgan (a) mailed a copy of the Solicitation Notice to each of the entities on the mailing matrix maintained in these Chapter 11 Cases and (b) caused the Solicitation Notice to be published

---

[2] All capitalized terms in this paragraph which are not otherwise defined in the Plan or elsewhere in this Affidavit are to be given the meanings subscribed to them in the Disclosure Statement/Solicitation Procedures Order.

[3] The Disclosure Statement/Solicitation Procedures Order directed that publication of the Solicitation Notice occur within 10 days of its entry on the docket (which was April 6, 2007). Thus, the publication of the Solicitation Notice was to have occurred on or before April 16, 2007.

in the *Fulton Daily Report* on April 13, 2007 (the corresponding publication affidavit is also included as part of Attachment A).

4. JPMorgan received and tabulated the ballots accepting or rejecting the Plan. I am the custodian of the records maintained by JPMorgan in connection with the collection and tabulation of ballots received in connection with this case, and I have taken reasonable steps to ensure that all such records are maintained in the course of JPMorgan's regularly conducted business activity. The procedures used to tabulate the ballots are set forth below and are consistent with the terms of the Plan and the Disclosure Statement/Solicitation Procedures Order.

## THE TABULATION PROCESS

5. Among other matters, the Disclosure Statement/Solicitation Procedures Order established April 4, 2007 as the record date (the "Record Date") for determining which Holders of Claims and Equity Interests were entitled to vote to accept or reject the Plan. Only Holders of Claims in Classes 4A and 4D and Holders of Claims other than Tort Claims in Classes 4B and 4C were entitled to vote to accept or reject the Plan.

6. In order to identify the Holders of Prepetition Notes Claims entitled to vote on the Plan in Class 4A or 4D, JPMorgan obtained Record Holder listings from the Debtors for the Class 4A and 4D Prepetition Notes Claims. The Record Holder list identified the number of Class 4A and 4D bonds held by each Record Holder. In addition, based on information provided to JPMorgan by the Debtors, all of the outstanding Class 4A and 4D Prepetition Notes are being held through the Depository Trust Company ("DTC"), a Depository and holder of record for various banks and brokers (the "Banks and Brokers"). JPMorgan communicated regularly with the Banks and Brokers to help ensure, to the extent possible, that all Solicitation Packages and other materials were distributed to the appropriate Holders of Prepetition Notes Claims.

7.  JPMorgan created a voting database reflecting the names and addresses of the Record Holders of Class 4A, 4B, 4C, & 4D Claims. Using its voting database, JPMorgan prepared labels containing (a) the names, addresses, classification and voting amount of the Claims and Interests in the voting Classes and (b) the names and addresses of all parties in non-voting Classes pursuant to the Disclosure Statement/Solicitation Procedures Order.

8.  JPMorgan received and tabulated the Ballots as follows:

    i.  Each returned ballot (individually, the "Ballot" and collectively, the "Ballots") and master ballot (individually, the "Master Ballot" and collectively, the "Master Ballots") was opened and inspected at JPMorgan's office.

    ii. Ballots and Master Ballots were then date stamped and sequentially numbered.

    iii. All Ballots and Master Ballots received by the Voting Deadline were then entered into the voting database and tabulated.

9.  The results of the balloting tabulations are summarized in the Results Table below. The information contained in the Results Table below was compiled from properly completed Ballots and Master Ballots received by JPMorgan by the Voting Deadline. The Results Table below does not reflect any Ballots and Master Ballots that were not timely received or otherwise failed to conform to the requirements set forth in the Disclosure Statement/Solicitation Procedures Order. A schedule of any non-conforming Ballots and Master Ballots where defects were not cured (the "Non-Conforming Ballots") is annexed hereto as Attachment B which identifies the name of the entity that cast each such Non-Conforming Ballot, the amount stated on the face of the Non-Conforming Ballot, and the manner in which each such Non-Conforming Ballot failed to conform to the requirements set forth in the voting instructions. The Non-Conforming Ballots were not included in the balloting tabulations in the Results Table below.

Results Table

| CLASSES | TOTAL BALLOTS RECEIVED | | | |
|---|---|---|---|---|
| | ACCEPT | | REJECT | |
| | AMOUNT | NUMBER | AMOUNT | NUMBER |
| Class 4A<br><br>General Unsecured Claims | $139,981,122.08<br><br>(95.5%) | 81<br><br>(85.3%) | $6,522,543.20<br><br>(4.5%) | 14<br><br>(14.7%) |
| Class 4B<br><br>Insured Claims | $0.00<br><br>(N/A%) | 0<br><br>(N/A%) | $0.00<br><br>(N/A%) | 0<br><br>(N/A%) |
| Class 4C<br><br>Other Insured Claims | $0.00<br><br>(N/A%) | 0<br><br>(N/A%) | $0.00<br><br>(N/A%) | 0<br><br>(N/A%) |
| Class 4D<br><br>Claims of Cash Out Holders | $1,709,661.24<br><br>89.0% | 559<br><br>83.3% | $211,877.33<br><br>11.0% | 112<br><br>16.7% |

10.     To the best of my knowledge, information and belief, I hereby declare and state that the foregoing information concerning the distribution, submission and tabulation of Ballots and Master Ballots in connection with the Plan is true and correct. The Ballots and Master Ballots received by JPMorgan are stored at JPMorgan's office and are available for inspection by or submission to this Court.

IN WITNESS WHEREOF, I have executed this Affidavit this third day of May 2007.

_____
Jeffrey Pirrung

Sworn to before me this 3rd
day of May, 2007

_____
Notary Public

NOTARY PUBLIC-STATE OF FLORIDA
Kimberly A. Ramage
Commission # DD431624
Expires: MAY 22, 2009
Bonded Thru Atlantic Bonding Co., Inc.

# **ATTACHMENT A**

**(Publication Affidavits)**

DB02:5499559.1
1792492_5.DOC                                                                                       064952.1001

STATE OF TEXAS            )
                          )  ss:
CITY AND COUNTY OF DALLAS)

I, <u>Glenn Hellums Jr.</u>, being duly sworn, depose and say that I am the Advertising Clerk of the Publisher of <u>THE WALL STREET JOURNAL</u>, a daily national newspaper published and of general circulation in the City and County of New York, New York, City of Naperville, DuPage County, Illinois, and in the city and County of Dallas, Texas and that the attached Notice has been regularly published in <u>THE WALL STREET JOURNAL</u> for national distribution for <u>one</u> insertion(s) on the following date(s): <u>4/13/07</u> at the request of advertiser: <u>Allied Holdings Inc.</u> and that the foregoing statements are true and correct to the best of my knowledge, information, and belief.

*[signature: Glenn Hellums Jr.]*

MITCHELL E. CHEATHAM
Notary Public, State of Texas
My Commission Expires
March 01, 2011

Sworn to before me this
13th day of April 2007

*[signature]*
Notary Public

**UNITED STATES BANKRUPTCY COURT**
**NORTHERN DISTRICT OF GEORGIA - ATLANTA DIVISION**

| | |
|---|---|
| In re: ) | Chapter 11 |
| ALLIED ) | Case Nos. 05-12515 through 05-12526 and 05-12528 through 05-12537 |
| HOLDINGS, ) | Jointly Administered |
| INC., et al. ) | Confirmation Hearing: May 9, 2007 at 9:30 a.m. prevailing Eastern Time |
| Debtors. ) | Judge Mullins |

**NOTICE OF (A) OBJECTION AND VOTING DEADLINES, (B) SOLICITATION AND VOTING PROCEDURES, (C) HEARING TO CONFIRM THE PLAN OF REORGANIZATION AND (D) CERTAIN OTHER INFORMATION**

**PLEASE TAKE NOTICE** that on April 5, 2007, the United States Bankruptcy Court for the Northern District of Georgia (the "Bankruptcy Court") approved the Disclosure Statement (as amended from time to time and including all exhibits and supplements, the "Disclosure Statement") for the Plan Proponents' Second Amended Joint Plan of Reorganization (as amended from time to time and including all exhibits and supplements, the "Plan") for use by the Plan Proponents in soliciting acceptances or rejections of the Plan from holders of impaired claims who are (or may be) entitled to receive distributions under the Plan. The Plan Proponents are the above-captioned Debtors, Yucaipa and the TNATINC.[1]

**PLEASE TAKE FURTHER NOTICE** that on April 6, 2007, the Bankruptcy Court entered that certain Order (A) Approving Disclosure Statement, (B) Approving Solicitation and Voting Procedures with Respect to the Second Amended Joint Plan of Reorganization, (C) Approving Form of Solicitation Package and Notices, (D) Scheduling Confirmation Hearing, and (E) Scheduling Certain Dates in Connection Therewith (the "Disclosure Statement Order"). Among other things, the Disclosure Statement Order authorized the Plan Proponents to solicit acceptances of the Plan.

**COPIES OF SOLICITATION PACKAGE MATERIALS, INCLUDING DISCLOSURE STATEMENT AND PLAN.** The Plan, Disclosure Statement, Disclosure Statement Order and all other materials in the Plan Proponents' Solicitation Package may be obtained by accessing the Debtors' website at www.administar.net or by contacting the Debtors' Voting Agent in writing at JPMorgan Trust Company, National Association, c/o Administar Services Group, P.O. Box 56636, Jacksonville, FL 32241-6636 or calling 904-807-3066, or by contacting counsel to the Debtors, Troutman Sanders LLP, 5200 Bank of America Plaza, 600 Peachtree Street, N.E., Atlanta, GA 30308, fax no. (404) 885-3900, attn.: Harris B. Winsberg, Esq.

Creditors who are entitled to vote on the Plan will be served by first class mail with this Confirmation Hearing Notice, applicable Ballots, and voting instructions, a pre-addressed, postage pre-paid return envelope, the Plan, the Disclosure Statement, the Disclosure Statement Order, and certain other materials contained in the Solicitation Package.

**HEARING TO CONFIRM THE PLAN.** A hearing to confirm the Plan (the "Confirmation Hearing") will commence on **May 9, 2007 at 9:30 a.m. prevailing Eastern Time**, before Judge Mullins, United States Bankruptcy Judge, located at 75 Spring Street SW, Atlanta, Georgia 30303 in Courtroom 1203. The Confirmation Hearing may be continued from time to time by announcing such continuance in open court or otherwise, without further notice to parties in interest. The Bankruptcy Court, in its discretion and prior to the Confirmation Hearing, may put in place additional procedures governing the Confirmation Hearing.

**PLAN OBJECTION DEADLINE.** The Bankruptcy Court has established **May 1, 2007, at 4:00 p.m. prevailing Eastern Time**, as the last date and time for filing and serving objections to the confirmation of the Plan (the "Plan Objection Deadline"). Objections to the confirmation of the Plan, if any, must (a) be in writing; (b) state with particularity the grounds for such objection; (c) state the name and address of the objecting party and the notice of the claim or interest of such party; and (d) be filed with the Bankruptcy Court and served on the following parties (collectively, the "Notice Parties"): (i) Yucaipa: Robert Klyman, Esq., Latham & Watkins, 633 West Fifth Street, Suite 4000, Los Angeles, CA 90071, Telephone: (213) 485-1234, Facsimile: (213) 891-8763; (ii) The TNATINC; Frederick Perillo, Esq., Previant, Goldberg, Uelmen, Gratz, Miller & Brueggeman, S.C., 1555 N. RiverCenter Dr., Suite 202, Milwaukee, WI 53212, Telephone: (414) 223-0434, Facsimile: (414) 271-6308; (iii) The Debtors: Ezra H. Cohen, Esq., Jeffrey W. Kelley, Esq., Harris B. Winsberg, Esq., Troutman Sanders LLP, 600 Peachtree Street, N.E. - Suite 5200, Atlanta, GA 30308, Telephone: (404) 885-3000, Facsimile No.: (404) 885-3900; (iv) **The Creditors' Committee**: Jonathan B. Alter, Esq., William F. Govier, Esq., Richard H. Agins, Esq., Bingham McCutchen LLP, One State Street, Hartford, CT 06105, Telephone: (404) 240-2700, Facsimile No.: (860) 240-2818; (v) **The DIP Lenders**: Peter J. Neckles, Esq., D.J. Baker, Esq., Skadden, Arps, Slate, Meagher & Flom LLP, Four Times Square, New York, NY 10036, Facsimile No.: (212) 735-2000; (vi) **The United States Trustee**: R. Jeneane Treace, Esq., Office of the United States Trustee, Richard Russell Building, 75 Spring Street, S.W., Suite 362, Atlanta, Georgia 30303, Telephone: (404) 331-4437, Facsimile No.: (404) 331-4464.

Objections to the confirmation of the Plan must be timely filed so that they are actually received no later than the Plan Objection Deadline. Objections not timely filed and served shall be overruled and not considered.

**VOTING RECORD DATE. April 4, 2007** is the record date (the "Voting Record Date") for purposes of determining which parties are entitled to vote on the Plan.

**VOTING DEADLINE. May 1, 2007 at 4:00 p.m. prevailing Eastern time** is the voting deadline ("Voting Deadline"). All Ballots must be received by the Voting Agent by the Voting Deadline. Voting Instructions will be sent with the Ballots.

**TEMPORARY ALLOWANCE OF CLAIMS FOR VOTING PURPOSES.** Holders of Claims that are (i) Tort Claims, (ii) contingent (iii) Filed in an unliquidated or undetermined amount (iv) not Allowed Claims or (v) subject to a pending objection by the Debtors as of the Voting Record Date cannot vote on the Plan absent one of the following resolution events taking place prior to the Voting Deadline: (a) an order is entered by the Bankruptcy Court temporarily allowing such Claim or Interest for voting purposes pursuant to Bankruptcy Rule 3018(a), after notice and a hearing; (b) a stipulation or other agreement is executed between the Holder of the Claim and the Plan Proponents temporarily allowing the Holder of the Claim to vote its Claim in an agreed upon amount; or (c) the pending objection to the Claim is voluntarily withdrawn by the Debtors (each, a "Resolution Event").

**EXECUTORY CONTRACTS/UNEXPIRED LEASES.** A schedule identifying executory contracts/unexpired leases to be assumed in accordance with the provisions and requirements of Sections 365 and 1123 of the Bankruptcy Code will be filed by Yucaipa as part of the Plan Supplement. Such schedule will be filed on or before **April 26, 2007** and will be available on the Debtors' website or by contacting the Voting Agent pursuant to the information above. Please be advised that the Plan Proponents will list cure amounts for executory contracts and unexpired leases on such schedule. The failure of any non-Debtor party to an executory contract or unexpired lease to file and serve an objection to the cure amount listed on such schedule for such executory contract and/or unexpired lease by **May 7, 2007 at 4:00 p.m.**, prevailing Eastern Time, shall be deemed to consent to such cure amount.

**RELEASE BY THE DEBTORS.** Please be advised that Article XI of the Plan provides the following:

Except as otherwise specifically provided in the Plan, pursuant to Section 1123(b)(3) of the Bankruptcy Code, as of the Effective Date, on the Effective Date, the Debtors and Reorganized Debtors, in their individual capacities and as debtors in possession, will be deemed to forever release, waive and discharge all Claims, obligations, suits, judgments, damages, demands, debts, rights, causes of action and liabilities (other than the rights of the Debtors or Reorganized Debtors to enforce the Plan and the contracts, instruments, releases, Indentures and other agreements or documents delivered thereunder), whether liquidated or unliquidated, fixed or contingent, matured or unmatured, known or unknown, foreseen or unforeseen, then existing or thereafter arising, in law, equity or otherwise that are based in whole or in part on any act, omission, transaction, event or other occurrence taking place on or prior to the Effective Date in any way relating to the Debtors, Reorganized Debtors, the parties released pursuant to Section 11.4 of the Plan, the Chapter 11 Cases, the Plan or the Disclosure Statement, and that could have been asserted by or on behalf of the Debtors or their Estates or the Reorganized Debtors, whether directly, indirectly, derivatively or in any representative or any other capacity, against (i) the current directors, officers and employees of the Debtors (other than for money owed to the Debtors by any such directors, officers or employees as set forth in the books and records) and the Debtors' former or current attorneys, financial advisors, bankers, accountants and other professionals retained by such Person; (ii) the Creditors' Committee and its current and former members (solely in such capacity), the Indenture Trustee, its and their respective advisors (including any former or current attorneys, financial advisors, investment bankers, accountants and other professionals retained by such Persons); and (iii) Yucaipa and TNATINC and each of their respective affiliates and their respective officers, directors, employees, partners, members, managers and advisors (including any attorneys, financial advisors, investment bankers, accountants and other professionals retained by such Persons) except claims arising in the ordinary course of the Debtors' business with respect to employee matters, including without limitation ordinary course union grievances which shall be resolved as set forth in collective bargaining agreement between the Debtors and the IBT (those entities in Subsections (i) through (iii) of the preceding sentence shall be referred to as the "Debtor Releasees"). Notwithstanding the foregoing, nothing in the Plan shall release any Debtor Releasee other than the Plan Proponents from any claims asserted by the Debtors that are the subject of a pending litigation, adversary proceeding or other contested matter or judgment as of the Effective Date.

Entry of the Confirmation Order shall constitute the Bankruptcy Court's approval, pursuant to Bankruptcy Rule 9019, of the Debtor Releases set forth herein, which include by reference each of the related provisions and definitions contained in the Plan, and further shall constitute the Bankruptcy Court's finding that the Debtor Releases are (a) in exchange for good and valuable consideration provided by the Debtor Releasees, representing good faith settlement and compromise of the claims released by the Debtor Releasees; (b) in the best interests of the Debtors and all Holders of Claims (c) fair, equitable and reasonable; (d) approved after due notice and opportunity for hearing; and (e) a bar to the Debtors, the Reorganized Debtors, or any other Person acting on behalf of them asserting any Claim released by the Debtor Release against any of the Debtor Releasees or their respective property. Notwithstanding anything to the contrary in this Section, the Release of the Debtors' Officers, Directors and Employees set forth above shall be of no force and effect in favor of any Officer, Director or Employee who asserts any pre-Effective Date claim against the Debtors or Reorganized Debtors for [indemnification][2] damages or any other causes of action other than for unpaid compensation, wages or benefits that arose in the ordinary course of business or pursuant to the KERP approved by the Bankruptcy Court by Final Order.

**THIRD PARTY RELEASES.** Please be advised that Article XI of the Plan includes the following third party release provisions:

Except as otherwise specifically provided in the Plan, on the Effective Date, (a) each Person that votes to accept the Plan or is presumed to have voted for the Plan pursuant to Section 1126(f) of the Bankruptcy Code, (b) each Person who obtains a release under the Plan, and (c) to the fullest extent permissible under applicable law, as such law may be extended or interpreted subsequent to the Effective Date, each Entity (other than a Debtor), that has held, holds or may hold a claim or interest (each, a "Release Obligor"), in consideration for the obligations of Yucaipa, the Debtors and the Reorganized Debtors under the Plan and the Cash, New Common Stock, and other contracts, instruments, releases, agreements or documents to be delivered in connection with the Plan, shall have conclusively, absolutely, unconditionally, irrevocably and forever, released and discharged each Party released in Sections 11.4 and 11.5 hereof from any claim or Retained Action existing as of the Effective Date arising from, based on or relating to in whole or in part, the subject matter of, or the transaction or event giving rise to, the claim of such release obligor, and any act, omission, occurrence or event in any manner related to such subject matter, transaction or obligation; provided, however, that nothing in the Plan will restrict any governmental or regulatory agency from pursuing any regulatory or police enforcement action against the Debtors, the Reorganized Debtors, their current or former officers, directors or employees and their respective agents, advisors, attorneys and representatives acting in any capacity, other than any action or proceeding of any type to recover monetary claims, damages or penalties against the Debtors for an act or omission occurring prior to Confirmation.

**EXCULPATION.** Please be advised that Article XI of the Plan provides the following:

The Plan Proponents, the Creditors' Committee, the present and former members of the Creditors' Committee in their capacities as such, the Indenture Trustee, in its capacity as such, and the Released Lenders, and any of such parties' respective current and/or post-Petition Date and pre-Effective Date affiliates, members, officers, directors, employees, advisors, attorneys representatives, financial advisors, investment bankers, or agents and any of such parties' successors and assigns, shall not have or incur, and are hereby released from, any claim, obligation cause of action, or liability to one another or to any Holder of any Claim or Interest, or any other party-in-interest, or any of their respective agents, employees, representatives, financial advisors, attorneys, or Affiliates, or any of their successors or assigns, for any act or omission in connection with, relating to, or arising out of the Chapter 11 Cases, the negotiation and filing of the Plan, the provision of post-petition financing, the filing of the Chapter 11 Cases, the settlement of claims or renegotiation of executory contracts and leases, the pursuit of confirmation of the Plan, the consummation of the Plan, or the administration of the Plan or the property to be distributed under the Plan, except for their willful misconduct or gross negligence, and in all respects shall be entitled to reasonably rely upon the advice of counsel with respect to their duties and responsibilities under the Plan (collectively, the "Exculpated Claims"). No Holder of any Claim or Interest, or other party in interest, none of their respective agents, employees, representatives, financial advisors, attorneys, or Affiliates, and no successors or assigns of the foregoing, shall have any right of action against the Plan Proponents, the Creditors' Committee, the present and former members of the Creditors' Committee in their capacities as such, the Indenture Trustee in its capacity as such, and the Released Lenders, and any of such parties' respective current and/or post-Petition Date and pre-Effective Date affiliates, members, officers, directors, employees, advisors, attorneys, representatives, financial advisors, investment bankers, or agents and any of such parties' successors and assigns with respect to the Exculpated Claims.

**INJUNCTION.** Please be advised that Article XI of the Plan provides the following:

The Confirmation Order will permanently enjoin the commencement or prosecution by any Person or entity, whether directly, derivatively or otherwise, of any Claims, obligations, suits, judgments, damages, demands, debts, rights, causes of action or liabilities released pursuant to the Plan, including but not limited to the Claims, obligations, suits, judgments, damages, demands, debts, rights, causes of action or liabilities released in Sections 11.4, 11.5 and 11.6 of the Plan provided, however, that nothing in the Plan will restrict any governmental or regulatory agency from pursuing any regulatory or police enforcement action against the Debtors, the Reorganized Debtors, their current or former officers, directors or employees, and their respective agents advisors, attorneys and representatives acting in any capacity, other than any action or proceeding of any type to recover monetary claims, damages or penalties against the Debtors for an act or omission occurring prior to confirmation.

Dated: April 6, 2007    Respectfully submitted,

| /s/ Jeffrey W. Kelley | /s/ Robert A. Klyman | /s/ Frederick Perillo |
|---|---|---|
| TROUTMAN SANDERS LLP, Ezra H. Cohen, Jeffrey W. Kelley, 600 Peachtree St., N.E., Suite 5200, Atlanta, Georgia 30308-2216, Telephone: (404) 885-3009, Facsimile: (404) 692-6799, Counsel for Debtors and Debtors in Possession | LATHAM & WATKINS LLP, Robert A. Klyman, 633 West 5th Street, Suite 4000, Los Angeles, CA 90071, Telephone: (213) 485-1234, Facsimile: (213) 891-8763, Counsel for Yucaipa | Previant, Goldberg, Uelmen, Gratz, Miller and Brueggeman S.C., Frederick Perillo, Jill Hartley, 1555 North River Center Drive, Suite 202, Milwaukee, Wisconsin 53212, Telephone: (414) 271-4500, Facsimile (414) 271-6308, Counsel for TNATINC |

[1] All capitalized terms used but not defined herein shall have the meanings attributed to such terms in the Plan, the Disclosure Statement or the Disclosure Statement Order, as applicable.
[2] The text in brackets remains subject to additional discussion among the Plan Proponents and may be modified or deleted prior to Confirmation.







# PUBLISHER'S AFFIDAVIT

ACCOUNT NO.     M-000166

STATE OF GEORGIA
COUNTY OF FULTON

**ANNETTE TYSON**, personally appeared before me, the undersigned Notary Public, who states she is a LEGAL NOTICE CLERK for **THE ATLANTA JOURNAL AND CONSTITUTION** newspaper, a newspaper of general circulation published in the City of Atlanta, Georgia, and who further states under oath that the Advertisement attached hereto and made part of this affidavit appeared in The Atlanta Journal - Constitution on the following date(s):  APRIL 13, 2007.

SWORN TO AND SUBSCRIBED BEFORE ME,

THIS  13TH  DAY OF  APRIL  2007

_____
(NOTARY SIGNATURE)
MY COMMISSION EXPIRES MAY 19, 2009

UNITED STATES BANKRUPTCY COURT
NORTHERN DISTRICT OF GEORGIA - ATLANTA DIVISION

In re:  ALLIED HOLDINGS, INC., et al.  Debtors.

Chapter 11
Case Nos. 05-12515 through 05-12526 and 05-12528 through 05-12537
Jointly Administered
Confirmation Hearing: May 9, 2007 at 9:30 a.m. prevailing Eastern Time
Judge Mullins

## NOTICE OF (A) OBJECTION AND VOTING DEADLINES, (B) SOLICITATION AND VOTING PROCEDURES, (C) HEARING TO CONFIRM THE PLAN OF REORGANIZATION AND (D) CERTAIN OTHER INFORMATION

**PLEASE TAKE NOTICE** that on April 5, 2007, the United States Bankruptcy Court for the Northern District of Georgia (the "Bankruptcy Court") approved the Disclosure Statement (as amended from time to time and including all exhibits and supplements, the "Disclosure Statement") for the Plan Proponents' Second Amended Joint Plan of Reorganization (as amended from time to time and including all exhibits and supplements, the "Plan") for use by the Plan Proponents in soliciting acceptances or rejections of the Plan from holders of impaired claims who are (or may be) entitled to receive distributions under the Plan. The Plan Proponents are the above-captioned Debtors, Yucaipa and the TNATINC.

**PLEASE TAKE FURTHER NOTICE** that on April 6, 2007, the Bankruptcy Court entered that certain Order (A) Approving Disclosure Statement, (B) Approving Solicitation and Voting Procedures with Respect to the Second Amended Joint Plan of Reorganization, (C) Approving Form of Solicitation Package and Notices, (D) Scheduling Confirmation Hearing, and (E) Scheduling Certain Dates in Connection Therewith (the "Disclosure Statement Order"). Among other things, the Disclosure Statement Order authorized the Plan Proponents to solicit acceptances of the Plan.

**COPIES OF SOLICITATION PACKAGE MATERIALS, INCLUDING DISCLOSURE STATEMENT AND PLAN.** The Plan, Disclosure Statement, Disclosure Statement Order and all other materials in the Plan Proponents' Solicitation Package may be obtained by accessing the Debtors' website at www.administar.net or by contacting the Debtors' Voting Agent in writing at JPMorgan Trust Company, National Association, c/o Administar Services Group, P.O. Box 56636, Jacksonville, FL 32241-6636 or calling 904-807-3066, or by contacting counsel to the Debtors, Troutman Sanders LLP, 5200 Bank of America Plaza, 600 Peachtree Street, N.E., Atlanta, GA 30308, fax no. (404) 885-3900, attn.: Harris B. Winsberg, Esq.

Creditors who are entitled to vote on the Plan will be served by first class mail with this Confirmation Hearing Notice, applicable Ballots, and voting instructions, a pre-addressed, postage pre-paid return envelope, the Plan, the Disclosure Statement, the Disclosure Statement Order, and certain other materials contained in the Solicitation Package.

**HEARING TO CONFIRM THE PLAN.** A hearing to confirm the Plan (the "Confirmation Hearing") will commence on **May 9, 2007 at 9:30 a.m. prevailing Eastern Time**, before Judge Mullins, United States Bankruptcy Judge, located at 75 Spring Street SW, Atlanta, Georgia 30303 in Courtroom 1203. The Confirmation Hearing may be continued from time to time by announcing such continuance in open court or otherwise, without further notice to parties in interest. The Bankruptcy Court, in its discretion and prior to the Confirmation Hearing, may put in place additional procedures governing the Confirmation Hearing.

**PLAN OBJECTION DEADLINE.** The Bankruptcy Court has established **May 1, 2007, at 4:00 p.m. prevailing Eastern Time**, as the last date and time for filing and serving objections to the confirmation of the Plan (the "Plan Objection Deadline"). Objections to the confirmation of the Plan, if any, must (a) be in writing; (b) state with particularity the grounds for such objection; (c) state the name and address of the objecting party and the notice of the same or interest of such party; and (d) be filed with the Bankruptcy Court and served on the following parties (collectively, the "Notice Parties"): (i) **Yucaipa**: Robert Klyman, Esq., Latham & Watkins, 633 West Fifth Street, Suite 4000, Los Angeles, CA 90071, Telephone: (213) 485-1234, Facsimile: (213) 891-8763; (ii) **The TNATINC**: Frederick Perillo, Esq., Previant, Goldberg, Uelmen, Gratz, Miller & Brueggeman, S.C., 1555 N. RiverCenter Dr., Suite 202, Milwaukee, WI 53212, Telephone: (414) 223-0434, Facsimile: (414) 271-6308; (iii) **The Debtors**: Ezra H. Cohen, Esq., Jeffrey W. Kelley, Esq., Harris B. Winsberg, Esq., Troutman Sanders LLP, 600 Peachtree Street, N.E. - Suite 5200, Atlanta, GA 30308, Telephone: (404) 885-3000, Facsimile: (404) 885-3900; (iv) **The Creditors' Committee**: Jonathan B. Alter, Esq., William F. Govier, Esq., Richard H. Agins, Esq., Bingham McCutchen LLP, One State Street, Hartford, CT 06105, telephone: (404) 240-2700, Facsimile No.:  (860) 240-2818; (v) **The DIP Lenders**: Peter J. Neckles, Esq., D.J. Baker, Esq., Skadden, Arps, Slate, Meagher & Flom LLP, Four Times Square, New York; NY 10036, Facsimile No.: (212) 735-2000; (vi) **The United States Trustee**: R. Jeneane Treace, Esq., Office of the United States Trustee, Richard Russell Building, 75 Spring Street, S.W., Suite 362, Atlanta, Georgia 30303, telephone: (404) 331-4437, Facsimile No.: (404) 331-4464.

Objections to the confirmation of the Plan must be timely filed so that they are actually received no later than the Plan Objection Deadline. Objections not timely filed and served shall be overruled and not considered.

**VOTING RECORD DATE. April 4, 2007** is the record date (the "Voting Record Date") for purposes of determining which parties are entitled to vote on the Plan.

**VOTING DEADLINE. May 1, 2007 at 4:00 p.m. prevailing Eastern time** is the voting deadline ("Voting Deadline"). All Ballots must be received by the Voting Agent by the Voting Deadline. Voting Instructions will be sent with the Ballots.

**TEMPORARY ALLOWANCE OF CLAIMS FOR VOTING PURPOSES.** Holders of Claims that are (i) Tort Claims, (ii) contingent (iii) Filed in an unliquidated or undetermined amount (iv) not Allowed Claims or (v) subject to a pending objection by the Debtors as of the Voting Record Date cannot vote on the Plan absent one of the following resolution events taking place prior to the Voting Deadline: (a) an order is entered by the Bankruptcy Court temporarily allowing such Claim or Interest for voting purposes pursuant to Bankruptcy Rule 3018(a), after notice and a hearing; (b) a stipulation or other agreement is executed between the Holder of the Claim and the Plan Proponents temporarily allowing the Holder of the Claim to vote its Claim in an agreed upon amount; or (c) the pending objection to the Claim is voluntarily withdrawn by the Debtors (each, a "Resolution Event").

**EXECUTORY CONTRACTS/UNEXPIRED LEASES.** A schedule identifying executory contracts/unexpired leases to be assumed in accordance with the provisions and requirements of Sections 365 and 1123 of the Bankruptcy Code will be filed by Yucaipa as part of the Plan Supplement. Such schedule will be filed on or before **April 26, 2007** and will be available on the Debtors' website or by contacting the Voting Agent pursuant to the information above. Please be advised that the Plan Proponents will list cure amounts for executory contracts and unexpired leases on such schedule. The failure of any non-Debtor party to an executory contract or unexpired lease to file and serve an objection to the cure amount listed on such schedule for such executory contract and/or unexpired lease by **May 7, 2007 at 4:00 p.m.**, prevailing Eastern Time, shall be deemed to consent to such cure amount.

**RELEASE BY THE DEBTORS.** Please be advised that Article XI of the Plan provides the following:

Except as otherwise specifically provided in the Plan, pursuant to Section 1123(b)(3) of the Bankruptcy Code, as of the Effective Date, the Effective Date, the Debtors and Reorganized Debtors, in their individual capacities and as debtors in possession, will be deemed to forever release, waive and discharge all Claims, obligations, suits, judgments, damages, demands, debts, rights, causes of action and liabilities (other than the rights of the Debtors or Reorganized Debtors to enforce the Plan and the contracts, instruments, releases, indentures and other agreements or documents delivered thereunder), whether liquidated or unliquidated, fixed or contingent, matured or unmatured, known or unknown, foreseen or unforeseen, then existing or thereafter arising, in law, equity or otherwise that are based in whole or in part on any act, omission, transaction, event or other occurrence taking place on or prior to the Effective Date in any way relating to the Debtors, Reorganized Debtors, the parties released pursuant to Section 11.4 of the Plan, the Chapter 11 Cases, the Plan or the Disclosure Statement, and that could have been asserted by or on behalf of the Debtors or their Estates or the Reorganized Debtors, whether directly, indirectly, derivatively or in any representative or any other capacity, against (i) the current directors, officers and employees of the Debtors (other than for money borrowed from or owed to the Debtors by any such directors, officers or employees as set forth in the Debtors' books and records) and the Debtors' former or current attorneys, financial advisors, investment bankers, accountants and other professionals retained by such Person; (ii) the Creditors' Committee and its current and former members (solely in such capacity) the Indenture Trustee, its and their respective advisors (including any former or current attorneys, financial advisors, investment bankers, accountants and other professionals retained by such Persons); and (iii) Yucaipa and TNATINC and each of their respective affiliates and their respective officers, directors, employees, partners, members, managers and advisors (including any attorneys, financial advisors, investment bankers, accountants and other professionals retained by such Persons) except claims arising in the ordinary course of the Debtors' business with respect to employee matters, including without limitation ordinary course union grievances which shall be resolved as set forth in collective bargaining agreement between the Debtors and the IBT (those entities in Subsections (i) through (iii) of the preceding sentence shall be referred to as the "Debtor Releasees"). Notwithstanding the foregoing, nothing in the Plan shall release any Debtor Releasee other than the Plan Proponents from any claims asserted by the Debtors that are the subject of a pending litigation, adversary proceeding or other contested matter or judgment as of the Effective Date.

Entry of the Confirmation Order shall constitute the Bankruptcy Court's approval, pursuant to Bankruptcy Rule 9019, of the Debtor Releases set forth herein, which include by reference each of the related provisions and definitions contained in the Plan, and further shall constitute the Bankruptcy Court's finding that the Debtor Releases are (a) in exchange for good and valuable consideration provided by the Debtor Releasees, representing good faith settlement and compromise of the claims released by the Debtor Releasees; (b) in the best interests of the Debtors and all Holders of Claims (c) fair, equitable and reasonable; (d) approved after due notice and opportunity for hearing; and (e) a bar to the Debtors, the Reorganized Debtors, or any other Person acting on behalf of them asserting any Claim released by the Debtor Release against any of the Debtor Releasees or their respective property. Notwithstanding anything to the contrary in this Section, the Release of the Debtors' Officers, Directors and Employees set forth above shall be of no force and effect in favor of any Officer, Director or Employee who asserts any pre-Effective Date claim against the Debtors or Reorganized Debtors for (indemnification)² damages or any other causes of action other than for unpaid compensation, wages or benefits that arose in the ordinary course of business or pursuant to the KERP approved by the Bankruptcy Court by Final Order.

**THIRD PARTY RELEASES.** Please be advised that Article XI of the Plan includes the following third party release provisions:

Except as otherwise specifically provided in the Plan, on the Effective Date, (a) each Person that votes to accept the Plan or is presumed to have voted for the Plan pursuant to Section 1126(f) of the Bankruptcy Code, (b) each Person who obtains a release under the Plan, and (c) to the fullest extent permissible under applicable law, as such law may be extended or interpreted subsequent to the Effective Date, each Entity (other than a Debtor), that has held, holds, or may hold a claim or interest (each, a "Release Obligor"), in consideration for the obligations of Yucaipa, the Debtors and the Reorganized Debtors under the Plan and the Cash, New Common Stock, and other contracts, instruments, releases, agreements or documents to be delivered in connection with the Plan, shall have conclusively, absolutely, unconditionally, irrevocably and forever, released and discharged each party released in Sections 11.4 and 11.5 hereof from any claim or Retained Action existing as of the Effective Date arising from, based on or relating to, in whole or in part, the subject matter of, or the transaction or event giving rise to, the claim or such release obligor, and any act, omission, occurrence or event in any manner related to such subject matter, transaction or obligation; provided, however, that nothing in the Plan will restrict any governmental or regulatory agency from pursuing any regulatory or police enforcement action against the Debtors, the Reorganized Debtors, their current or former officers, directors, or employees and their respective agents, advisors, attorneys and representatives acting in any capacity, other than any action or proceeding of any type to recover monetary claims, damages, or penalties against the Debtors for an act or omission occurring prior to Confirmation.

**EXCULPATION.** Please be advised that Article XI of the Plan provides the following:

The Plan Proponents, the Creditors' Committee, the present and former members of the Creditors' Committee in their capacities as such, the Indenture Trustee, in its capacity as such, and the Released Lenders, and any of such parties' respective current and/or post-Petition Date and pre-Effective Date affiliates, members, officers, directors, employees, advisors, attorneys, representatives, financial advisors, investment bankers, or agents and any of such parties' successors and assigns, shall not have or incur, and are hereby released from, any claim, obligation, cause of action, or liability to one another or to any Holder of any Claim or Interest, or any other party-in-interest, or any of their respective agents, employees, representatives, financial advisors, attorneys, or Affiliates, or any of their successors or assigns, for any act or omission in connection with, relating to, or arising out of the Chapter 11 Cases, the negotiation and filing of the Plan, the provision of post-petition financing, the filing of the Chapter 11 Cases, the settlement of claims or renegotiation of executory contracts and leases, the pursuit of confirmation of the Plan, the consummation of the Plan, or the administration of the Plan or the property to be distributed under the Plan, except for their willful misconduct or gross negligence, and in all respects shall be entitled to reasonably rely upon the advice of counsel with respect to their duties and responsibilities under the Plan (collectively, the "Exculpated Claims"). No Holder of any Claim or Interest, or other party in Interest, none of their respective agents, employees, representatives, financial advisors, attorneys, or Affiliates, and no successors or assigns of the foregoing, shall have any right of action against the Plan Proponents, the Creditors' Committee, the present and former members of the Creditors' Committee in their capacities as such, the Indenture Trustee, in its capacity as such, and the Released Lenders, and any of such parties' respective current and/or post-Petition Date and pre-Effective Date affiliates, members, officers, directors, employees, advisors, attorneys, representatives, financial advisors, investment bankers, or agents and any of such parties' successors and assigns with respect to the Exculpated Claims.

**INJUNCTION.** Please be advised that Article XI of the Plan provides the following:

The Confirmation Order will permanently enjoin the commencement or prosecution by any Person or entity, whether directly, derivatively or otherwise, of any Claims, obligations, suits, judgments, damages, demands, debts, rights, causes of action or liabilities released pursuant to the Plan, including but not limited to the Claims, obligations, suits, judgments, damages, demands, debts, rights, causes of action or liabilities released in Sections 11.4, 11.5 and 11.6 of the Plan; provided, however, that nothing in the Plan will restrict any governmental or regulatory agency from pursuing any regulatory or police enforcement action against the Debtors, the Reorganized Debtors, their current or former officers, directors or employees, and their respective agents, advisors, attorneys and representatives acting in any capacity, other than any action or proceeding of any type to recover monetary claims, damages or penalties against the Debtors for an act or omission occurring prior to confirmation.

Dated: April 6, 2007

Respectfully submitted,

| /s/ Jeffrey W. Kelley | /s/ Robert A. Klyman | /s/ Frederick Perillo |
|---|---|---|
| TROUTMAN SANDERS LLP, Ezra H. Cohen, Jeffrey W. Kelley, 600 Peachtree St., N.E., Suite 5200, Atlanta, Georgia 30308-2216, Telephone: (404) 885-3009, Facsimile: (404) 692-6799, Counsel for Debtors and Debtors in Possession | LATHAM & WATKINS LLP, Robert A. Klyman, 633 West 5th Street, Suite 4000, Los Angeles, CA 90071, Telephone: (213) 485-1234, Facsimile: (213) 891-8763, Counsel for Yucaipa | Previant, Goldberg, Uelmen, Gratz, Miller and Brueggerman, S.C., Frederick Perillo, Jill Hartley, 1555 North River Center Drive, Suite 202, Milwaukee, Wisconsin 53212, Telephone: (414) 271-4500, Facsimile (414) 271-6308, Counsel for TNATINC |

All capitalized terms used but not defined herein shall have the meanings attributed to such terms in the Plan, the Disclosure Statement or the Disclosure Statement Order, as applicable.

The text in brackets remains subject to additional discussion among the Plan Proponents and may be modified or deleted prior to Confirmation.

## PUBLISHER'S AFFIDAVIT

**STATE OF GEORGIA**
**COUNTY OF FULTON**

Re: CASE NOS. 05-12515 through 05-12526 and 05-12528 through 05-12537

**Before me, the undersigned, a Notary Public, this day personally came Julia Kelly who, being duly sworn, according to law, says she is an agent of the ALM, LLC publishers of the Daily Report, the official newspaper published in Atlanta, Georgia, in said county and state, and that the publication, of which is annexed is a true copy, was published in said newspaper as provided by law on the following dates:**

_____April 13, 2007_____.

_Julia Kelly_
Agent of the Daily Report

Subscribed and sworn to me on _____**APRIL 13, 2007**_____.

_Kamerok Mosley_
Notary Public

[Notary Seal: K. MOSLEY, NOTARY PUBLIC, GEORGIA, DEKALB COUNTY, EXPIRES FEB. 4, 2010]

Case 05-12515-cm    Doc 3010    Filed 05/04/07    Document Page 13 of 15

**UNITED STATES BANKRUPTCY COURT**
**NORTHERN DISTRICT OF GEORGIA - ATLANTA DIVISION**

```
                              )  Chapter 11
In re:                        )  Case Nos. 05-12515 through 05-12526
ALLIED HOLDINGS,              )  and 05-12528 through 05-12537
INC., et al.                  )  Jointly Administered
                              )  Confirmation Hearing: May 9, 2007
         Debtors.             )  at 9:30 a.m. prevailing Eastern Time
                              )  Judge Mullins
```

### NOTICE OF (A) OBJECTION AND VOTING DEADLINES, (B) SOLICITATION AND VOTING PROCEDURES, (C) HEARING TO CONFIRM THE PLAN OF REORGANIZATION AND (D) CERTAIN OTHER INFORMATION

**PLEASE TAKE NOTICE** that on April 5, 2007, the United States Bankruptcy Court for the Northern District of Georgia (the "Bankruptcy Court") approved the *Disclosure Statement* (as amended from time to time and including all exhibits and supplements, the "Disclosure Statement") for the Plan Proponents' *Second Amended Joint Plan of Reorganization* (as amended from time to time and including all exhibits and supplements, the "Plan") for use by the Plan Proponents in soliciting acceptances or rejections of the Plan from holders of impaired claims who are (or may be) entitled to receive distributions under the Plan. The Plan Proponents are the above-captioned Debtors, Yucaipa and the TNATINC.[1]

**PLEASE TAKE FURTHER NOTICE** that on April 6, 2007, the Bankruptcy Court entered that certain *Order (A) Approving Disclosure Statement, (B) Approving Solicitation and Voting Procedures with Respect to the Second Amended Joint Plan of Reorganization, (C) Approving Form of Solicitation Package and Notices, (D) Scheduling Confirmation Hearing, and (E) Scheduling Certain Dates in Connection Therewith* (the "Disclosure Statement Order"). Among other things, the Disclosure Statement Order authorized the Plan Proponents to solicit acceptances of the Plan.

**COPIES OF SOLICITATION PACKAGE MATERIALS, INCLUDING DISCLOSURE STATEMENT AND PLAN.** The Plan, Disclosure Statement, Disclosure Statement Order and all other materials in the Plan Proponents' Solicitation Package may be obtained by accessing the Debtors' website at www.administar.net or by contacting the Debtors' Voting Agent in writing at JPMorgan Trust Company, National Association, c/o Administar Services Group, P.O. Box 56636, Jacksonville, FL 32241-6636 or calling 904-807-3066, or by contacting counsel to the Debtors, Troutman Sanders LLP, 5200 Bank of America Plaza, 600 Peachtree Street, N.E., Atlanta, GA 30308, fax no. (404) 885-3900, attn.: Harris B. Winsberg, Esq.

Creditors who are entitled to vote on the Plan will be served by first class mail with this Confirmation Hearing Notice, applicable Ballots, and voting instructions, a pre-addressed, postage pre-paid return envelope, the Plan, the Disclosure Statement, the Disclosure Statement Order, and certain other materials contained in the Solicitation Package.

**HEARING TO CONFIRM THE PLAN.** A hearing to confirm the Plan (the "Confirmation Hearing") will commence on **May 9, 2007 at 9:30 a.m. prevailing Eastern Time**, before Judge Mullins, United States Bankruptcy Judge, located at 75 Spring Street SW, Atlanta, Georgia 30303 in Courtroom 1203. The Confirmation Hearing may be continued from time to time by announcing such continuance in open court or otherwise, without further notice to parties in interest. The Bankruptcy Court, in its discretion and prior to the Confirmation Hearing, may put in place additional procedures governing the Confirmation Hearing.

**PLAN OBJECTION DEADLINE.** The Bankruptcy Court has established **May 1, 2007, at 4:00 p.m. prevailing Eastern Time**, as the last date and time for filing and serving objections to the confirmation of the Plan (the "Plan Objection Deadline"). Objections to the confirmation of the Plan, if any, must (a) be in writing; (b) state with particularity the grounds for such objection; (c) state the name and address of the objecting party and the notice of the claim or interest of such party; and (d) be filed with the Bankruptcy Court and served on the following parties (collectively, the "Notice Parties"): (i) **Yucaipa**: Robert Klyman, Esq., Latham & Watkins, 633 West Fifth Street, Suite 4000, Los Angeles, CA 90071, Telephone: (213) 485-1234, Facsimile: (213) 891-8763; (ii) **The TNATINC**: Frederick Perillo, Esq., Previant, Goldberg, Uelmen, Gratz, Milller & Brueggeman, S.C., 1555 N. RiverCenter Dr., Suite 202, Milwaukee, WI 53212, Telephone: (414) 223-0434, Facsimile: (414) 271-6308; (iii) **The Debtors**: Ezra H. Cohen, Esq., Jeffrey W. Kelley, Esq., Harris B. Winsberg, Esq., Troutman Sanders LLP, 600 Peachtree Street, N.E. - Suite 5200, Atlanta, GA 30308, Telephone: (404) 885-3000, Facsimile No.: (404) 885-3900; (iv) **The Creditors' Committee**: Jonathan B. Alter, Esq., William F. Govier, Esq., Richard H. Agins, Esq., Bingham McCutchen LLP, One State Street, Hartford, CT 06105, Telephone: (860) 240-2700, Facsimile No.: (860) 240-2818; (v) **The DIP Lenders**: Peter J. Neckles, Esq., D.J. Baker, Esq., Skadden, Arps, Slate, Meagher & Flom LLP, Four Times Square, New York, NY 10036, Facsimile No.: (212) 735-2000; (vi) **The United States Trustee**: R. Jeneane Treace, Esq., Office of the United States Trustee, Richard Russell Building, 75 Spring Street, S.W., Suite 362, Atlanta, Georgia 30303, Telephone: (404) 331-4437, Facsimile No.: (404) 331-4464.

Objections to the confirmation of the Plan must be timely filed so that they are *actually received* no later than the Plan Objection Deadline. Objections not timely filed and served shall be overruled and not considered.

**VOTING RECORD DATE. April 4, 2007** is the record date (the "Voting Record Date") for purposes of determining which parties are entitled to vote on the Plan.

**VOTING DEADLINE. May 1, 2007 at 4:00 p.m. prevailing Eastern time** is the voting deadline ("Voting Deadline"). All Ballots must be received by the Voting Agent by the Voting Deadline. Voting Instructions will be sent with the Ballots.

**TEMPORARY ALLOWANCE OF CLAIMS FOR VOTING PURPOSES.** Holders of Claims that are (i) Tort Claims, (ii) contingent (iii) Filed in an unliquidated or undetermined amount (iv) not Allowed Claims or (v) subject to a pending objection by the Debtors as of the Voting Record Date cannot vote on the Plan absent one of the following resolution events taking place prior to the Voting Deadline: (a) an order is entered by the Bankruptcy Court temporarily allowing such Claim or Interest for voting purposes pursuant to Bankruptcy Rule 3018(a), after notice and a hearing; (b) a stipulation or other agreement is executed between the Holder of the Claim and the Plan Proponents temporarily allowing the Holder of the Claim to vote its Claim in an agreed upon amount; or (c) the pending objection to the Claim is voluntarily withdrawn by the Debtors (each, a "Resolution Event").

**EXECUTORY CONTRACTS/UNEXPIRED LEASES.** A schedule identifying executory contracts/unexpired leases to be assumed in accordance with the provisions and requirements of Sections 365 and 1123 of the Bankruptcy Code will be filed by Yucaipa as part of the Plan Supplement. Such schedule will be filed on or before **April 26, 2007** and will be available on the Debtors' website or by contacting the Voting Agent pursuant to the information above. Please be advised that the Plan Proponents will list cure amounts for executory contracts and unexpired leases on such schedule. The failure of any non-Debtor party to an executory contract or unexpired lease to file and serve an objection to the cure amount listed on such schedule for such executory contract and/or unexpired lease by **May 7, 2007 at 4:00 p.m.**, prevailing Eastern Time, shall be deemed to consent to such cure amount.

**RELEASE BY THE DEBTORS.** Please be advised that Article XI of the Plan provides the following:

Except as otherwise specifically provided in the Plan, pursuant to Section 1123(b)(3) of the Bankruptcy Code, as of the Effective Date, on the Effective Date, the Debtors and Reorganized Debtors, in their individual capacities and as debtors in possession, will be deemed to forever release, waive and discharge all Claims, obligations, suits, judgments, damages, demands, debts, rights, causes of action and liabilities (other than the rights of the Debtors or Reorganized Debtors to enforce the Plan and the contracts, instruments, releases, indentures and other agreements or documents delivered thereunder), whether liquidated or unliquidated, fixed or contingent, matured or unmatured, known or unknown, foreseen or unforeseen, then existing or thereafter arising, in law, equity or otherwise that are based in whole or in part on any act, omission, transaction, event or other occurrence taking place on or prior to the Effective Date in any way relating to the Debtors, Reorganized Debtors, the parties released pursuant to Section 11.4 of the Plan, the Chapter 11 Cases, the Plan or the Disclosure Statement, and that could have been asserted by or on behalf of the Debtors or their Estates or the Reorganized Debtors, whether directly, indirectly, derivatively or in any representative or any other capacity, against (i) the current directors, officers and employees of the Debtors (other than for money borrowed from or owed to the Debtors by any such directors, officers or employees as set forth in the Debtors' books and records) and the Debtors' former or current attorneys, financial advisors, investment bankers, accountants and other professionals retained by such Person; (ii) the Creditors' Committee and its current and former members (solely in such capacity) the Indenture Trustee, and its and their respective advisors (including any former or current attorneys, financial advisors, investment bankers, accountants and other professionals retained by such Persons); and (iii) Yucaipa and TNATINC and each of their respective affiliates and their respective officers, directors, employees, partners, members, managers and advisors (including any attorneys, financial advisors, investment bankers, accountants and other professionals retained by such Persons) except claims arising in the ordinary course of the Debtors' business with respect to employee matters, including without limitation ordinary course union grievances which shall be resolved as set forth in collective bargaining agreement between the Debtors and the IBT (those entities in Subsections (i) through (iii) of the preceding sentence shall be referred to as the "Debtor Releasees"). Notwithstanding the foregoing, nothing in the Plan shall release any Debtor Releasee other than the Plan Proponents from any claims asserted by the Debtors that are the subject of a pending litigation, adversary proceeding or other contested matter or judgment as of the Effective Date.

Entry of the Confirmation Order shall constitute the Bankruptcy Court's approval, pursuant to Bankruptcy Rule 9019, of the Debtor Releases set forth herein, which include by reference each of the related provisions and definitions contained in the Plan, and further shall constitute the Bankruptcy Court's finding that the Debtor Releases are (a) in exchange for good and valuable consideration provided by the Debtor Releasees, representing good faith settlement and compromise of the claims released by the Debtor Releases; (b) in the best interests of the Debtors and all Holders of Claims (c) fair, equitable and reasonable; (d) approved after due notice and opportunity for hearing; and (e) a bar to the Debtors, the Reorganized Debtors, or any other Person acting on behalf of them asserting any Claim released by the Debtor Release against any of the Debtor Releasees or their respective property. Notwithstanding anything to the contrary in this Section, the Release of the Debtors' Officers, Directors and Employees set forth above shall be of no force and effect in favor of any Officer, Director or Employee who asserts any pre-Effective Date claim against the Debtors or Reorganized Debtors for [indemnification][2] damages or any other causes of action other than for unpaid compensation, wages or benefits that arose in the ordinary course of business or pursuant to the KERP approved by the Bankruptcy Court by Final Order.

**THIRD PARTY RELEASES.** Please be advised that Article XI of the Plan includes the following third party release provisions:

Except as otherwise specifically provided in the Plan, on the Effective Date, (a) each Person that votes to accept the Plan or is presumed to have voted for the Plan pursuant to Section 1126(f) of the Bankruptcy Code, (b) each Person who obtains a release under the Plan, and (c) to the fullest extent permissible under applicable law, as such law may be extended or interpreted subsequent to the Effective Date, each Entity (other than a Debtor), that has held, holds, or may hold a claim or interest (each, a "Release Obligor"), in consideration for the obligations of Yucaipa, the Debtors and the Reorganized Debtors under the Plan and the Cash, New Common Stock, and other contracts, instruments, releases, agreements or documents to be delivered in connection with the Plan, shall have conclusively, absolutely, unconditionally, irrevocably and forever, released and discharged each Party released in Sections 11.4 and 11.5 hereof from any claim or Retained Action existing as of the Effective Date arising from, based on or relating to, in whole or in part, the subject matter of, or the transaction or event giving rise to, the claim or such release obligor, and any act, omission, occurrence or event in any manner related to such subject matter, transaction or obligation; provided, however, that nothing in the Plan will restrict any governmental or regulatory agency from pursuing any regulatory or police enforcement action against the Debtors, the Reorganized Debtors, their current or former officers, directors, or employees and their respective agents, advisors, attorneys and representatives acting in any capacity, other than any action or proceeding of any type to recover monetary claims, damages, or penalties against the Debtors for an act or omission occurring prior to Confirmation.

**EXCULPATION.** Please be advised that Article XI of the Plan provides the following:

The Plan Proponents, the Creditors' Committee, the present and former members of the Creditors' Committee in their capacities as such, the Indenture Trustee, in its capacity as such, and the Released Lenders, and any of such parties' respective current and/or post-Petition Date and pre-Effective Date affiliates, members, officers, directors, employees, advisors, attorneys, representatives, financial advisors, investment bankers, or agents and any of such parties' successors and assigns, shall not have or incur, and are hereby released from, any claim, obligation, cause of action, or liability to one another or to any Holder of any Claim or Interest, or any other party-in-interest, or any of their respective agents, employees, representatives, financial advisors, attorneys, or Affiliates, or any of their successors or assigns, for any act or omission in connection with, relating to, or arising out of the Chapter 11 Cases, the negotiation and filing of the Plan, the provision of post-petition financing, the filing of the Chapter 11 Cases, the settlement of claims or renegotiation of executory contracts and leases, the pursuit of confirmation of the Plan, the consummation of the Plan, or the administration of the Plan or the property to be distributed under the Plan, except for their willful misconduct or gross negligence, and in all respects shall be entitled to reasonably rely upon the advice of counsel with respect to their duties and responsibilities under the Plan (collectively, the "Exculpated Claims"). No Holder of any Claim or Interest, or other party in interest, none of their respective agents, employees, representatives, financial advisors, attorneys, or Affiliates, and no successors or assigns of the foregoing, shall have any right of action against the Plan Proponents, the Creditors' Committee, the present and former members of the Creditors' Committee in their capacities as such, the Indenture Trustee, in its capacity as such, and the Released Lenders, and any of such parties' respective current and/or post-Petition Date and pre-Effective Date affiliates, members, officers, directors, employees, advisors, attorneys, representatives, financial advisors, investment bankers, or agents and any of such parties' successors and assigns with respect to the Exculpated Claims.

**INJUNCTION.** Please be advised that Article XI of the Plan provides the following:

The Confirmation Order will permanently enjoin the commencement or prosecution by any Person or entity, whether directly, derivatively or otherwise, of any Claims, obligations, suits, judgments, damages, demands, debts, rights, causes of action or liabilities released pursuant to the Plan, including but not limited to the Claims, obligations, suits, judgments, damages, demands, debts, rights, causes of action or liabilities released in Sections 11.4, 11.5 and 11.6 of the Plan; provided, however, that nothing in the Plan will restrict any governmental or regulatory agency from pursuing any regulatory or police enforcement action against the Debtors, the Reorganized Debtors, their current or former officers, directors or employees, and their respective agents, advisors, attorneys and representatives acting in any capacity, other than any action or proceeding of any type to recover monetary claims, damages or penalties against the Debtors for an act or omission occurring prior to confirmation.

Dated: April 6, 2007                       Respectfully submitted,

| /s/ Jeffrey W. Kelley | /s/ Robert A. Klyman | /s/ Frederick Perillo |
|---|---|---|
| TROUTMAN SANDERS LLP, Ezra H. Cohen, Jeffrey W. Kelley, 600 Peachtree St., N.E., Suite 5200, Atlanta, Georgia 30308-2216, Telephone: (404) 885-3009, Facsimile: (404) 692-6799, *Counsel for Debtors and Debtors in Possession* | LATHAM & WATKINS LLP, Robert A. Klyman, 633 West 5th Street, Suite 4000, Los Angeles, CA 90071, Telephone: (213) 485-1234, Facsimile: (213) 891-8763, *Counsel for Yucaipa* | Previant, Goldberg, Uelmen, Gratz, Miller and Brueggerman, S.C., Frederick Perillo, Jill Hartley, 1555 North River Center Drive, Suite 202, Milwaukee, Wisconsin 53212, Telephone: (414) 271-4500, Facsimile (414) 271-6308, *Counsel for TNATINC* |

---

[1] All capitalized terms used but not defined herein shall have the meanings attributed to such terms in the Plan, the Disclosure Statement or the Disclosure Statement Order, as applicable.
[2] The text in brackets remains subject to additional discussion among the Plan Proponents and may be modified or deleted prior to Confirmation.

**ATTACHMENT B**

A) The following Ballots represent claims that are subject to a claims objection that seeks to expunge claim:

| Ballot Number | Creditor | Current Class | Amount Cast | Accept/Reject | Treatment Election |
|---|---|---|---|---|---|
| 398 | GE Capital Corp | 4A | $7,883,587.64 | Accept | N/A |
| 431 | Cambridge Truck Trailer LTD | 4D | $7,387.36 | Accept | N/A |
| 54 | Frontier Glass | 4D | $740.00 | Accept | Stock |
| 40 | Roy's Auto Glass | 4D | $2,430.86 | Accept | N/A |

B) The following Ballots were received from creditors after the voting deadline:

| Ballot Number | Creditor | Current Class | Amount Cast | Accept/Reject | Treatment Election |
|---|---|---|---|---|---|
| 811 | Argyll Mobile, Inc. | 4A | $25,513.46 | Accept | N/A |
| 812 | Imperial Oil LTD | 4A | $72,958.13 | Accept | N/A |
| 802 | Wells Fargo Bank, National Association as Indenture Trustee | 4A | $1,543,125.00 | Accept | N/A |
| 807 | Elkhorn Driveshaft Company | 4D | $1,981.00 | Accept | Stock |
| 810 | Pirtek- Cincinnati | 4D | $220.22 | Accept | N/A |
| 809 | Resun Leasing, Inc. | 4D | $34.76 | Accept | N/A |
| 808 | Safety Kleen- Pittsburgh | 4D | $2,338.68 | Accept | N/A |
| 801 | Shamrock Auto | 4D | $12,349.00 | Accept | Stock |
| 803 | Superior Sweeping Services, Inc. | 4D | $262.45 | Accept | N/A |
| 804 | Superior Sweeping Services, Inc. | 4D | $262.45 | Accept | N/A |
| 805 | Swan Dust Control | 4D | $144.45 | Accept | N/A |
| 813 | Essex Metals | 4D | $2,079.95 | Accept | Stock |
| 814 | Tillbury Steel | 4D | $1,713.01 | Accept | Stock |
| 815 | Alpha Business | 4D | $13,980.55 | Accept | N/A |
| 816 | Alpha Business | 4D | $440.55 | Accept | N/A |
| 817 | The Cullen Law Firm | 4B | $3,000,000 | Accept | N/A |

C) The following Ballots did not contain an original signature or were not signed:

| Ballot Number | Creditor | Current Class | Amount Cast | Accept/ Reject | Treatment Election |
|---|---|---|---|---|---|
| 12 | City of Commerce (GA) | 4D | $7.73 | Accept | N/A |
| 777 | Harry's Spring Service Limited | 4D | $17,566.57 | Accept | N/A |

D) The following Ballots represent Tort Claims:

| Ballot Number | Creditor | Current Class | Amount Cast | Accept/ Reject | Treatment Election |
|---|---|---|---|---|---|
| 750 | Hartley Brant | 4C | $2,000,000 | Reject | N/A |
| 732 | Bobbie & Debbie Lentz | 4C | $2,000,000 | Reject | N/A |
| 731 | Frederick (deceased) and Norma McConnell | 4C | $3,000,000 | Reject | N/A |

E) The following sent miscellaneous documents that could not be interpreted as Ballots:

| Ballot Number | Creditor | Current Class | Amount Cast | Accept/ Reject | Treatment Election |
|---|---|---|---|---|---|
| 7 | Mills Automotive | 4D | $240 | N/A | N/A |
| 170 | Tara Vending | 4D | $47.08 | N/A | N/A |
| 187 | Hasslebring Auto Transport | 4D | $1,745 | N/A | N/A |

F) The following Ballots represent claims that were not entitled to vote because they are not in one of the voting classes:

| Ballot Number | Creditor | Current Class | Amount Cast | Accept/ Reject | Treatment Election |
|---|---|---|---|---|---|
| 285 | J.P. Towing Company | 1 | $18,358.10 | Accept | Stock |
| 762 | ASM Capital as assignee for S & I Steam Cleaning | 2 | $18,965.00 | Reject | Stock |